**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**William Sanford INGOLD, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.

Filed April 29, 2003.

Victoria H. Vidt, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., and Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before: JOYCE, STEVENS and TAMILIA, JJ.

JOYCE, J.

¶ 1 William S. Ingold (Appellant) appeals from the judgment of sentence entered April 30, 2002, in the Allegheny County Court of Common Pleas. For the reasons that follow, we vacate the judgment of sentence and remand for a new trial. The relevant facts and procedural history of this matter are as follows.

¶ 2 On August 13, 2001, Appellant, a cab driver, was arrested and charged with one count of robbery (18 Pa.C.S.A. § 3701) following an incident that occurred between he and a passenger in his cab who allegedly refused to pay her fare. A preliminary hearing was held on August 30, 2001, and the Commonwealth withdrew the charge of robbery and charged Appellant with one count of theft by unlawful taking (18 Pa. C.S.A. § 3921) and one count of simple assault (18 Pa.C.S.A. § 2701). These charges were bound over for trial.

¶ 3 The case was called for trial on April 30, 2002. The Commonwealth withdrew the theft and simple assault charges in

exchange for Appellant's guilty plea to the summary offense of harassment (18 Pa. C.S.A. § 2709). Following an oral colloquy, the trial court accepted Appellant's guilty plea, sentenced him to seven days time-served, and ordered Appellant to be paroled immediately.[1]

¶ 4 On May 28, 2002, Appellant timely filed his notice of appeal. On July 30, 2002, the trial court ordered Appellant to comply with Pa.R.A.P. 1925(b) and file a concise statement of matters complained of on appeal. Appellant complied and filed his Pa. R.A.P. 1925(b) statement on August 13, 2002. Subsequently, on October 9, 2002, the trial court filed its opinion.

¶ 5 On appeal, Appellant raises the following question for our consideration: "[w]as the guilty plea tendered by [Appellant] entered unknowingly, involuntarily, and unintelligently because of the defective plea colloquy, and moreover, was [Appellant's] guilty plea counsel ineffective for failing to file a motion to withdraw the unintelligent, unknowing, and involuntary plea?" Brief for Appellant, at 4.

■ ¶ 6 Before we proceed with an analysis of this claim on the merits, we must consider the impact of our Supreme Court's recent decision in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), in which it held an appellant "should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 67, 813 A.2d at 738. The Court recognized that appellate review of an ineffectiveness claim can be impeded when the record is undeveloped. *See id.* at 59–65, 813 A.2d at 733–737. However, the ruling in *Grant* is not a bar against consideration of ineffectiveness claims on direct review,

rather it is termed the "general rule." *Id.* at 738. In the instant case, we find that the record is adequately developed to address this claim. Moreover, we point out that if in this case Appellant were to wait for collateral review under the PCRA, he would be ineligible for relief. This is true because, as we noted above, Appellant is no longer serving a sentence, nor is he on probation or parole. *See Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718 (1997) (citing 42 Pa.C.S. § 9543(a)(1)(i)) (a PCRA petitioner is not eligible for relief unless he or she is currently serving a sentence of imprisonment, probation or parole for the crime). Accordingly, we will address this claim on the merits.

■ ¶ 7 Here, Appellant, represented by Office of the Public Defender of Allegheny County, has asserted the ineffectiveness of plea counsel, who is also a member of the Office of the Public Defender of Allegheny County. The Supreme Court has recognized that, "[a]s a general rule, a public defender may not argue the ineffectiveness of another member of the same public defender's office since appellate counsel, in essence, is deemed to have asserted a claim of his or her own ineffectiveness." *Commonwealth v. Green*, 551 Pa. 88, 92–93, 709 A.2d 382, 384 (1998) (citations omitted). Nevertheless, the fact that one member of the public defender's office has alleged the ineffectiveness of another attorney in the same office does not necessarily preclude appellate review. When counsel alleges his/her own ineffectiveness, our Supreme Court has indicated that the case should be remanded for the appointment of new counsel unless: (1) it

---

1. We note that the record does not reflect that Appellant was sentenced to any term of confinement. Accordingly, we are at a loss to understand the trial court's use of the term "paroled," since no terms of sentence were enumerated as required by 42 Pa.C.S.A. § 9721. We can only speculate that the trial court meant to "discharge" Appellant. However, in light of our disposition of this case, the question becomes moot.

is clear from the record that counsel was ineffective; or, (2) where it is clear from the record that the ineffectiveness claim is without merit. *Commonwealth v. McBee,* 513 Pa. 255, 261, 520 A.2d 10, 13 (1986). Appellant claims that plea counsel was ineffective in failing to move for the withdrawal of his guilty plea due to a defective colloquy.

¶ 8 The standard of review on ineffective assistance of counsel claims is well settled:

> The threshold inquiry in effectiveness of counsel claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be ineffective for failing to assert a meritless claim. Once this threshold is met[,] we apply the reasonable basis test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course[,] then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice. The burden of establishing counsel's ineffectiveness is on the [defendant] because counsel's stewardship of the trial is presumptively effective.

*Commonwealth v. Wilson,* 543 Pa. 429, 440, 672 A.2d 293, 298 (1996), *cert. denied,* 519 U.S. 951, 117 S.Ct. 364, 136 L.Ed.2d 255 (1996) (citation and quotation marks omitted). To meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different. *Commonwealth v. Wallace,* 555 Pa. 397, 407, 724 A.2d 916, 921 (1999). Where it is clear that a defendant has failed to meet the prejudice prong, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Wilson, supra.* Counsel is deemed effective if any reasonable basis exists for his or her actions. *Commonwealth v. Douglas,* 537 Pa. 588, 598, 645 A.2d 226, 231 (1994). With these principles in mind, we turn to the plea itself and the standard employed in determining the validity of a plea.

¶ 9 When considering a petition to withdraw a plea after sentencing, it is well established that a showing of prejudice on the order of manifest injustice is required before withdrawal of the plea is properly justified. *Commonwealth v. Johns,* 812 A.2d 1260 (Pa.Super.2002) (applying this standard to a summary offense guilty plea) (citing *Commonwealth v. D'Collanfield,* 805 A.2d 1244 (Pa.Super.2002)). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Muhammad,* 794 A.2d 378, 383 (Pa.Super.2002) (citation omitted).

¶ 10 In order to ensure a knowing, voluntary and intelligent plea, our Supreme Court has held that at a minimum the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*D'Collanfield, supra,* at 1247 (quoting Pa. R.Crim.P. 590). Inquiry into the above six areas is mandatory. *Id.* While not all of these areas of inquiry are applicable to summary cases, Appellant argues that their purpose, ensuring voluntary and understanding pleas, does apply. Appellant asserts that the trial court did not comply with even the minimal standards set forth in the Pennsylvania Rules of Criminal Procedure relating to summary guilty pleas. Brief for Appellant, at 11. In summary guilty pleas, the Pennsylvania Rules of Criminal Procedure state that:

when the defendant is required to personally appear before the issuing authority to plead guilty ... the issuing authority shall:

(1) advise the defendant of the right to counsel when there is a likelihood of imprisonment and give the defendant, upon request, a reasonable opportunity to secure counsel;

(2) determine by inquiring of the defendant that the plea is voluntarily and understandingly entered;

(3) have the defendant sign the plea form with a representation that the plea is entered voluntarily and understandingly;

(4) impose sentence; and

(5) provide for installment payments when a defendant who is sentenced to pay [a] fine and costs is without the financial means immediately to pay the fine and costs.

Pa.R.Crim.P. 409(C). *See also* Pa. R.Crim.P. 414 and 424 (relating to the standards for accepting guilty pleas in summary cases).

¶ 11 Appellant asserts that these failures resulted in an unknowing, involuntary, and unintelligent guilty plea. In order to analyze Appellant's claims, we turn to the transcript of the guilty plea hearing. The entire transcript is reproduced below.

( [Appellant] sworn.)

MR. PRADINES: Your Honor, if I may, before we begin, if defense counsel has no objection, Your Honor, and you have no objection, would it be okay if Mr. Fryncko from our office stood in on this plea? He's a new district attorney in our office, and it's a training program.

THE COURT: Of course.

MR. PRADINES: Thank you, Your Honor.

THE COURT: Okay. Is this a general plea or a plea agreement?

MS. RANDOLPH: It's a plea agreement, Your Honor.

THE COURT: Well, let's let the new guy do it. What are the terms of the plea agreement?

MR. FRYNCKO: What were the terms, Mr. Pradines?

THE COURT: Ms. Randolph can help you out.

MR. FRYNCKO: We're going to amend Count 1 to 2709, summary harassment, and withdraw Count 2, Your Honor.

THE COURT: Okay. Mr. Ingold, will you state your name.

[APPELLANT]: William S. Ingold, II.

THE COURT: And you're pleading guilty to the summary offense of harassment. Are you pleading guilty because you are guilty?

[APPELLANT]: Well, ma'am—

MS. RANDOLPH: Yes. Just say yes. You don't tell her the whole story. This is where you say yes, Bill. You always

want to go long. You have to answer her question.

[APPELLANT]: There was a public disturbance, but I did not rob this woman.

THE COURT: You're not charged with robbery. You're charged with harassment.

[APPELLANT]: There was a public disturbance, and it was a dispute.

THE COURT: Okay. Will the district attorney please summarize.

MR. FRYNCKO: Yes, Your Honor. In the case of Commonwealth v[.] William Sanford Ingold, at CC No. 200112528, if the Commonwealth had proceeded to trial, we would have offered the testimony of Officer Donald Snyder and Ms. Lakita Davis. The witnesses would have testified that on or about August 13 of 2001, Ms. Davis was a passenger in the defendant's cab when a disagreement over cab fare arose. As passersby began to approach, the defendant left the scene. Ms. Davis provided a description of [Appellant] to Officer Snyder. Officer Snyder then came to the scene, and Ms. Davis was able to positively identify [Appellant].

THE COURT: I'm going to accept the plea. I'm going to order you to—You were in jail for 10 days?

[APPELLANT]: About a week, Your Honor.

THE COURT: Okay. Credit for time served, to be paroled forthwith. Put the summary costs on the county.

MS. RANDOLPH: Thank you, Your Honor.

(Proceedings concluded.)

N.T. Summary Plea Hearing, 04/30/2002, 2—4.[2]

¶ 12 It is immediately apparent that the trial court did not inquire into the six areas set forth in Pa.R.Crim.P. 590, or, as Appellant points out, even comply with Pa.R.Crim.P. 409(C). Accordingly, we are constrained to agree that Appellant's plea was not knowingly, intelligently, and voluntarily entered, and this defect resulted in a manifest injustice. With this conclusion in mind, we will return to our analysis of Appellant's claim of plea counsel's ineffectiveness.

¶ 13 As discussed above, the record illustrates the deficiencies of the plea colloquy. Therefore, we find Appellant's underlying claim has arguable merit. Furthermore, we can conceive of no reasonable basis for counsel's course of conduct in failing to ensure that the even a minimal level of compliance with the rules of criminal procedure were followed to enable her client to make an informed decision.[3] Hence, Appellant was prejudiced by counsel's conduct. As such, counsel was clearly ineffective, and remand on this issue is not necessary. *See McBee, supra.*

¶ 14 For the foregoing reasons, we agree with Appellant that his plea was invalid and that plea counsel was ineffective in failing to file a motion to withdraw this plea. Therefore, we vacate the judgment of sentence, permit Appellant to withdraw his plea, and we remand this case to the trial court for a new trial.

**2.** There is no written guilty plea colloquy or guilty plea form signed by Appellant in the certified record.

**3.** We note that had the colloquy been proper, Appellant may have been the recipient of an extremely favorable plea bargain negotiated by plea counsel. Nevertheless, since there was no evidence that the plea was voluntarily and knowingly entered, we will not make that conclusion since we find the colloquy was wholly deficient.

¶ 15 Judgment of sentence vacated. Case remanded for a new trial. Superior Court jurisdiction relinquished.