**Commonwealth v. Kalwaic**

536

*Jason C. Glessner, assistant district attorney,* for Commonwealth.

*Roarke T. Aston,* for defendant in dockets 3852-07 and 3897-07.

*Burton A. Rose,* for defendant in docket 5514-08.

LUDGATE, *J.,* December 11, 2009—

## DOCKET 3852-07

### I. *Procedural History*

On September 21, 2007, Christopher T. Kalwaic (defendant) was charged by information in docket 3852-07 with open lewdness, 18 Pa.C.S. §5901, recklessly endangering another person, 18 Pa.C.S. §2705, fleeing or attempting to elude police officer, 75 Pa.C.S. §3733(a) and eight summary traffic offenses. The defendant pleaded guilty to open lewdness, 18 Pa.C.S. §5901, fleeing or attempting to elude police officers, 75 Pa.C.S. §3733(a) and driving while license is suspended or revoked, 75 Pa.C.S. §1543(a). The defendant was repre-

sented by Attorney Kevin M. Beals at the guilty plea hearing; for sentencing in this docket, the defendant was represented by Attorney Holly B. Feeney.

On August 6, 2009, the court sentenced the defendant to four to 12 months state incarceration for Count 1, open lewdness, 18 Pa.C.S. §5901 and 12 months to five years state incarceration followed by two years probation for Count 3, fleeing or attempting to elude police officer, 75 Pa.C.S. §3733(a).

On August 14, 2009, the defendant, through Attorney Feeney, filed a post-sentence motion which was denied August 24, 2009. The defendant, through Attorney Roarke T. Aston, filed a timely notice of appeal on September 11, 2009. On October 13, 2009, the defendant timely filed a 1925(b) statement pursuant to order of this court. The same day, counsel was granted time to file a supplemental concise statement within 20 days of receipt of transcripts. On November 9, 2009, Attorney Aston indicated no supplemental 1925(b) statement would be filed.

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court respectfully requests the appeal in this docket be denied.

## II. *Issues Raised by the Defendant*

The defendant, through Attorney Aston, raises one issue for review:

"The sentencing court abused its discretion by imposing a state sentence of four months to 12 months, concurrent with 12 months to five years, followed by two years probation where the sentence was not consistent with the protection of the public, the gravity of the offenses as they relate to the impact on the life of the victims and on

the community and the rehabilitative needs of defendant, and the factors enumerated in the Sentencing Code do not militate to the sentence imposed in this case."

## III. *Analysis*

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Burkholder,* 719 A.2d 346 (Pa. Super. 1998). This discretion is permitted because the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002). "An appellate court will not disturb the lower court's judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion." *Commonwealth v. Fish,* 752 A.2d 921, 923 (Pa. Super. 2000). (citation and internal quotations omitted)

At the guilty plea hearing, the following guideline ranges were put on the record as follows.[1]

"Count 1, open lewdness—Offense gravity score (OGS) 1; Prior record score 4; Standard range restorative sanctions—one month; Aggravated range seven months; Mitigated range not applicable;

---

1. Count 2 in docket 3852-07 was dismissed on August 6, 2009. Order in disposition of charges, 8/6/09.

"Count 3, fleeing or attempting to elude police officer, Offense gravity score (OGS) 3; Prior record score 4; Standard range three to 14 months; Aggravated range 17 months; Mitigated range restorative sanctions." (N.T., guilty plea, 3/24/2009, p. 9; N.T., sentencing hearing, 8/6/2009, pp. 16-18.)

The court also gave consideration to numerous factors in imposing sentence:[2]

"The Court: The court here today has considered the age of the defendant and the nature of the offenses charged for which he has been convicted of. The court has considered that these offenses occurred at least 12 or 13 times, that is the estimation of how many times he has been convicted of these similar offenses. I'm not talking about over 500 times that he admitted to and was in Dr. Villiere's report. I'm only talking about convictions.

"I have considered the guidelines that were placed on the record when his pleas were entered. I have considered the plea agreement. I have considered the defendant adopted the changes that were made in the presentence investigation report. I have considered the argument made by the district attorney. I have considered the statement made by defense counsel.

"I certainly understand that everybody is asking me to honor the plea agreement with regard to the case in which Ms. Feeney is the attorney. I understand that Ms. Feeney is asking the court—I'm sorry, Ms. Scheidt is asking the court to place the defendant in Berks County

---

2. The court jointly enumerated the reasons for the sentence in all three dockets.

Prison. The court has spent a considerable amount of time reviewing all these documents prior to today, looking at the probable cause, all other charges, getting information from CPCMS. I have a better understanding of what to do with this defendant, knowing that when I sent him to the state penitentiary, back I forgot what year now, for nine months to five years, before he maxed out on that, he was convicted in Lehigh County on another indecent exposure. I do not have anything in there that he was removed or violated.

"I know that in addition to those offenses he's had the offense of resisting arrest and escape. These other charges go to show that he's not able to control his behavior. I understand that the doctors said what they said. I understand that he is—he is an exhibitionist. Obviously the court is convinced that he met the standard of sexually violent predator. However, unlike many others where I think one year in jail is not enough, I believe it is." N.T., sentencing hearing, 8/6/2009, pp.15-16.

The sentence imposed in this docket was not an abuse of discretion as it is within statutory limits and not manifestly excessive in light of the numerous factors considered by the court.

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied in this docket.

## DOCKET 3897-07

### I. *Procedural History*

On September 26, 2007, the defendant was charged by information in docket 3897-07 with fleeing or attempting to elude a police officer, 75 Pa.C.S. §3733(a), pos-

session of drug paraphernalia, 35 P.S. 780-113(a)(32) and three summary traffic offenses. The defendant pleaded guilty to fleeing or attempting to elude police officers, 75 Pa.C.S. §3733(a), possession of drug paraphernalia, 35 P.S. 760-113(a)(32) and driving while license is suspended or revoked, 75 Pa.C.S. §1543(a). The defendant was represented by Attorney Kevin M. Beals at the guilty plea hearing; for sentencing in this docket, the defendant was represented by Attorney Holly B. Feeney.

On August 6, 2009, the court sentenced the defendant to two years special probation for Count 1, fleeing or attempting to elude police officers, 75 Pa.C.S. §3733(a), consecutive to Count 3 of docket 3852-07 and one year special probation for Count 2, possession of drug paraphernalia, 35 P.S. 780-113(a)(32), concurrent with Count 1 and consecutive to Count 3 of docket 3852-07.

On August 14, 2009, the defendant, through Attorney Feeney, filed a post-sentence motion in this docket which was denied August 24, 2009. The defendant, through Attorney Roarke T. Aston, filed a timely notice of appeal on September 11, 2009. On October 13, 2009, the defendant timely filed a 1925(b) statement pursuant to order of this court. The same day, counsel was granted time to file a supplemental concise statement within 20 days of receipt of transcripts. On November 9, 2009, Attorney Aston indicated no supplemental 1925(b) statement would be filed.

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court respectfully requests the appeal in this docket be denied.

## II. *Issues Raised by the Defendant*

The defendant, through Attorney Aston, raises the following two issues for review:

"(1) The trial court erred in accepting defendant's guilty plea as it was not knowing, voluntary and intelligent when he was not appraised at the guilty plea colloquy of the presumption that he is innocent until proven guilty, the elements of the charges levied by the Commonwealth, that he has a right to trial by jury, the virtues of a trial by jury and that the court did not have to accept the terms of his plea agreement and was free to sentence defendant to the sentence it deemed fit within the confines of the law. Pa.R.Crim.P. 590."

## III. *Analysis*

The defendant signed a "statement accompanying defendant's request to enter a guilty plea", indicating, inter alia:

"(10) I understand that I am presumed to be innocent, unless and until the Commonwealth proves that I am guilty of the offenses with which I am charged, beyond a reasonable doubt.

"(11) I understand I have the right to a jury trial in this case. The jury would consist of 12 principal jurors and may include alternates. Before the jury could reach a verdict, all 12 jurors would have to unanimously agree on whether I am guilty or not guilty. . . .

"(14) I understand the nature of the charges to which I am pleading guilty. . . .

"(18) I understand the maximum permissible sentence for each of the charges against me, and I understand that if this is an open plea or charge agreement, the judge may sentence me to the maximum sentence allowed by law, and may impose the sentence for each count to which I am pleading guilty *consecutively,* for a total possible sentence of: *3 Years Jail + a $7,700 Fine (in Addition to the Maximums in Case nos. 3852-07 + 5514-08)*" Statement accompanying defendant's request to enter a guilty plea, 3/25/09, p. 2. Furthermore, the following colloquy with the defendant occurred on the record, with the defendant under oath:

"The Court: First, the court will review with the defendant the documents that the court has received. In all of these docket numbers, Mr. Kalwaic, the court has received statements [sic] say across the top statement accompanying defendant's request to enter a guilty plea. Do you understand what written statements I am referring to?

"The Defendant: Yes, your honor.

"The Court: When you reviewed these written statements with your lawyers, did you tell the truth in all your answers?

"The Defendant: Yes, your honor, I did.

"The Court: Have you had any medication, any drugs, or any alcohol or illegal drugs in the last 48 hours?

"The Defendant: No, your honor, I have not.

"The Court: Have you spoken to your lawyer, Mr. Beals, and to your lawyer, Ms. Scheidt?

"The Defendant: Yes, your honor, I have.

"The Court: Are you satisfied with the services provided to you by Mr. Beals?

"The Defendant: Yes, your honor.

"The Court: Are you satisfied with the services provided to you by Ms. Scheidt?[3]

"The Defendant: Yes, your honor.

"The Court: Now, first, we are going to look at 3897 of 2007. There I see that in exchange for a plea to attempting to elude a police officer the plea agreement calls for two years probation; Count 2, possession of drug paraphernalia, that's one year of probation; Count 4, driving while operating privilege is suspended or revoked, the plea agreement is a $200 fine which is mandatory. These are both consecutive to whatever happens in the other two docket numbers, which are 3852 of 2007 and 5514 of 2008. Is that what you understand as happening?

"The Defendant: Yes, your honor, I do." (N.T., guilty plea, 3/24/09, pp. 4-6.)

The defendant's claim he was not apprised of his rights prior to pleading guilty is refuted by the record.

"(2) The trial court erred in not allowing defendant to withdraw his guilty plea post-sentence as not doing so results in manifest injustice, *Commonwealth v. Starr,* 450 Pa. 485, 490-91, 301 A.2d 592, 595 (1973), as defendant is actually innocent of the charges levied by the Com-

---

3. Attorney Scheidt represented the defendant in docket 5514-08, not docket 3897-07, from which counsel makes the instant claim of error. The court includes questioning regarding the services of both lawyers for purposes of providing a complete record.

monwealth and because the guilty plea was not knowing, voluntary and intelligent."

There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. *Commonwealth v. Muhammad,* 794 A.2d 378, 382 (Pa. Super. 2002). To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." *Id.* at 383. "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly or unintelligently." *Commonwealth v. Ingold,* 823 A.2d 917, 920 (Pa. Super. 2003). A defendant's disappointment in the sentence imposed does not constitute "manifest injustice." *Muhammad,* 794 A.2d at 383. Pennsylvania courts presume that a defendant who enters a guilty plea was aware of what he was doing. *Commonwealth v. Stork,* 737 A.2d 789, 790 (Pa. Super. 1999). He bears the burden of proving otherwise. *Id.* A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. *Id.* at 790-91.

Based upon the holding in *Stork,* the defendant's post-sentence assertion of his factual innocence is of no moment. The facts of this docket were placed on the record at the guilty plea hearing:

"On August 28, 2007, Officer Douglas Brown of the Bern Township Police Department attempted to stop the defendant's vehicle for going 77.4 miles per hour in a 55 mile per hour zone. The defendant failed to stop for the officer after being given audible and visual signals to do

so. Upon hitting a curb, the defendant stopped; upon being taken into custody, the defendant was found to be in possession of a multi-colored ceramic pipe used to ingest marijuana." (N.T., guilty plea, 3/24/2009, pp. 14-15.)

The defendant then admitted those facts to be correct. (N.T., guilty plea, 3/24/2009, p. 15.)

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied in this docket.

## DOCKET 5514-08

### I. *Procedural History*

On December 30, 2008, the defendant was charged in docket 5514-08 with open lewdness, 18 Pa.C.S. §5901, indecent exposure, 18 Pa.C.S. §3127(a), three counts of unlawful contact with a minor, 18 Pa.C.S. §6318(a)(2) and three counts of unlawful contact with a minor, 18 Pa.C.S. §6318(a)(1). The defendant pleaded guilty to indecent exposure, 18 Pa.C.S. §3127(a) and three counts of unlawful contact with a minor, 18 Pa.C.S. §6318(a)(1). The defendant was represented by Attorney Jill M. Scheidt at the guilty plea hearing and Megan's Law sentencing hearing.

On August 6, 2009, the court held a Megan's Law sentencing hearing due to the defendant's guilty pleas to three counts of unlawful contact with a minor. At the hearing, the Commonwealth presented the report and testimony of Dr. Veronique Valliere. Dr. Valliere has been a licensed psychologist in Pennsylvania since 1995 and holds a bachelor's degree in clinical psychology and a

doctoral degree in psychology. (N.T., Megan's Law hearing, 8/6/2009, p. 6.) Dr. Valliere has treated sex offenders since 1994. (N.T., 8/6/2009, p. 6.) Dr. Valliere had previously qualified as an expert witness in court "several hundred times", including in Berks County. (N.T., 8/6/2009, pp. 6-7.)

In preparing her report, Dr. Valliere reviewed numerous documents including six probable cause affidavits, a Berks County Court order for an evaluation by the Sexual Offenders Assessment Board (SOAB), a Cumru Township Police incident report, 11 criminal action documents, four criminal docket documents, one docket information, a SOAB investigator's report, a letter from attorney outlining defendant's participation, a neuropsychological evaluation by S. Pullman Ph.D., 15 police criminal complaints, one polygraph examination report, the defendant's pre-sentence investigation report, nine probable cause for warrant of arrest documents, Berks County Juvenile Probation record, Berks County Prison records, a sexual evaluation by S. Kraus Ph.D., the defendant's school transcripts and the vitae of S. Ullman. (N.T., 8/6/2009, pp. 72-73.) These documents showed "many other arrests for open lewdness, indecent exposure, and . . . things like public masturbation, exposing himself to females of all ages." (N.T., 8/6/2009, p. 11.) The defendant did not participate in the evaluation. (N.T., 8/6/2009, pp. 9, 72.)

Dr. Valliere concluded the defendant's primary diagnosis is exhibitionism, a motivating, persistent and longstanding deviant sexual arousal based on exposing himself to non-consensual others. (N.T., 8/6/2009 p. 10.) Dr. Valliere testified "Mr. Kalwaic definitely has a mental abnormality that meets the criteria of the statute," that

abnormality being Dr. Valliere's primary diagnosis of exhibitionism. (N.T., 8/6/2009, p. 11.) Dr. Valliere testified the defendant also has antisocial personality disorder "which exacerbates his amenability to treatment and his difficulty responding to the legal and therapeutic interventions that he has had over the years." Based upon this diagnosis, Dr. Valliere concluded the defendant is a sexually violent predator. (N.T., 8/6/2009, pp. 9, 17, 79.)

Dr. Valliere was provided, and included in her report, erroneous information stating the defendant had been convicted of aggravated assault and DUI. (N.T., 8/6/2009, p. 15.) However, Dr. Valliere testified that even without this erroneous information, her conclusions were unaltered. *Id.* In fact, Dr. Valliere was "relieved" to learn the information was untrue because "that kind of behavior did not seem like part of his . . . overall criminal pattern." *Id.* When preparing her report, Dr. Valliere was also under the impression that the three victims in this docket were 13 years of age, when they were in fact 16 years of age. (N.T., 8/6/2009, p. 17.) Correction of this fact also did not change Dr. Valliere's conclusion. *Id.*

The defendant presented the testimony of Dr. Sarah Ullman. (N.T., 8/6/2009, pp. 29-60.) Dr. Ullman had never, prior to this hearing, been qualified as an expert witness. (N.T., 8/6/2009, p. 31.) The Commonwealth did not object to qualifying Dr. Ullman as an expert. *Id.* The defendant was being treated by Dr. Ullman. (N.T., 8/6/2009, p. 32.) Dr. Ullman stated the defendant does not meet the definition of a sexually violent predator. (N.T., 8/6/2009, p. 35.)

The court found the defendant to be a sexually violent predator pursuant to 42 Pa.C.S. §9791 et seq. and ordered

the defendant to register as a sex offender for the rest of his life. The court sentenced the defendant to 12 months to five years state incarceration, concurrent with Count 1 of docket 3852-07, for Count 2, indecent exposure, 18 Pa.C.S. §3127(a). For each of the three counts of unlawful contact with a minor, 18 Pa.C.S. §6318(a)(1), the defendant was sentenced to a split sentence of 12 months to five years state incarceration, concurrent with Count 2, each other count of unlawful contact with a minor, and docket Count 1 of 3852-07, followed by two years special probation, concurrent with Count 3 of docket 3852-07 and each other count of unlawful contact with a minor.

On August 14, 2009, the defendant, through Attorney Holly B. Feeney, filed a post-sentence motion in this docket which was denied August 24, 2009. The defendant, through Attorney Burton A. Rose, filed a timely notice of appeal on September 11, 2009. On November 5, 2009, the defendant timely filed his 1925(b) statement pursuant to order of this court, following an extension of time granted September 28, 2009.

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court respectfully requests the appeal in this docket be denied.

## II. *Issues Raised by the Defendant*

The defendant, through Attorney Rose, raises the following issues for review:

"(1) The defendant contends that the lower court erred in declaring that the appellant is a sexually violent predator in her ruling to that effect on August 6, 2009. The defendant submits that the Commonwealth failed to

prove by clear and convincing evidence that he is a sexually violent predator who is likely to engage in predatory sexually violent offenses due to a mental abnormality or personality disorder. Furthermore, the Commonwealth failed to prove by clear and convincing evidence that the defendant is likely to engage in acts directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted in whole or in part, in order to facilitate or support victimization.

"(a) The testimony of Commonwealth expert witness Dr. Veronique Valliere on August 6, 2009 failed to meet the above noted standards. Dr. Valliere opined that the appellant has suffered from exhibitionism for a period in excess of 15 years, which was not based upon pedophilia. (N.T. 8/6/09, 10, 16.) According to Dr. Valliere, the defendant did not suffer from a mental abnormality (N.T. 8/6/09, 12), but rather his conduct was motivated by exhibitionism. (N.T. 8/6/09, 16.) Therefore, this testimony did not meet the standards set forth in the Act.

"(b) The defendant respectfully submits that there was not clear and convincing evidence to establish that the appellant's acts in the future would be directed, in whole or in part, in order to facilitate or support victimization; rather it appears that the appellant has exposed himself to others for self-gratification and not for the purpose of making the observer into a 'victim'. (N.T. 8/6/09, 27, 43, 59, 65.) Furthermore, the evidence suggests that the appellant has never escalated that exhibitionistic behavior beyond open lewdness and has not engaged in any conduct which could be fairly characterized as sexual violence.

"(c) In view of the factors set forth in 42 Pa.C.S. §9795.4, the appellant respectfully submits that the lower court has erred in determining that the appellant should be classified as a sexually violent predator."

### III. *Analysis*

42 Pa.C.S. §9791 et seq., commonly known as "Megan's Law," requires the trial court to determine whether a defendant convicted of a qualifying predicate offense is a "sexually violent predator" (SVP) based upon expert assessment. 42 Pa.C.S. §9795.4. SVP is defined as:

"[a] person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa.C.S. §9792.

Predatory is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.* Section 9795.4(b) requires that an assessment shall include, but not be limited to, an examination of the following:

"(1) Facts of the current offense, including:

"(i) Whether the offense involved multiple victims.

"(ii) Whether the individual exceeded the means necessary to achieve the offense.

"(iii) The nature of the sexual contact with the victim.

"(iv) Relationship of the individual to the victim.

"(v) Age of the victim.

"(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

"(vii) The mental capacity of the victim.

"(2) Prior offense history, including

"(i) The individual's prior criminal record.

"(ii) Whether the individual completed any prior sentences.

"(iii) Whether the individual participated in available programs for sexual offenders.

"(3) Characteristics of the individual, including

"(i) Age of the individual.

"(ii) Use of illegal drugs by the individual.

"(iii) Any mental illness, mental disability or mental abnormality.

"(iv) Behavioral characteristics that contribute to the individual's conduct.

"(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of the offense."

In reviewing the sufficiency of the evidence regarding the determination of sexually violent predator status, an appellate court will reverse the trial court only if the

Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied. *Commonwealth v. Dixon,* 907 A.2d 533 (Pa. Super. 2006). Clear and convincing evidence requires evidence that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. *Id.* In reviewing an SVP determination, the appellate court must view the evidence in the light most favorable to the Commonwealth; the appellate court may not reweigh the evidence or substitute its judgment for that of the trial court. *Commonwealth v. Fuentes,* 2009 Pa. Super. 149.

In this docket, the defendant pleaded guilty to three counts of unlawful contact with a minor, 18 Pa.C.S. §6318(a)(1). The facts, as placed on the record prior to acceptance of the guilty plea, are as follows:

"[O]n November 10, 2008, the defendant was in a vehicle traveling in the area of High Boulevard and Taskar Avenue, Cumru Township, Berks County, Pennsylvania and at that time he came up upon three juvenile females . . . all 16 years old at that time. They were actually walking and were pedestrians at that time. And they—the defendant said something to them and they didn't quite understand what he said so they asked him what he, in fact, said to them and he replied make me come. At the same time they noticed that he was masturbating and had exposed his penis to them thereby exposing his genitals in a public place where others were present, where they would be affronted, annoyed or alarmed, these victims being less then—well, they being

minors under the age of 18, intentionally having contact with them for the purpose of engaging in sexual activity prohibited in this case, indecent exposure." N.T., guilty plea, 3/24/2009, pp. 15-16.

Defense counsel's argument that this court found the defendant to be a SVP by insufficient evidence because Dr. Valliere testified the defendant did not suffer from a mental abnormality is based on testimony taken grossly out of context, and is refuted by the complete record. Dr. Valliere's testimony, when read in the context in which it was given, refutes counsel's argument:

"Q: [L]et me make sure I have it right. The antisocial personality disorder and exhibitionism, are those personality disorders or mental abnormalities?

"A: And antisocial personality disorder, and the exhibitionism is—there is no mental abnormality. It is a legal word. But exhibitionism is a diagnosis that motivates the criminal behavior captured under the law described as a mental abnormality." N.T., 8/6/2009, p. 12.

Furthermore, as previously stated, Dr. Valliere specifically testified the defendant has a mental abnormality within the statutory definition, being exhibitionism. (N.T., 8/6/2009, p. 11.)

Counsel's second argument, that this court erred in finding the defendant to be a SVP due to insufficient evidence to establish the defendant's acts in the future would be directed to support victimization, is also refuted by the record. Dr. Valliere was found credible by this court. The testimony of the defendant's expert witness, Dr. Sarah Ullman, was rejected by this court. Dr. Valliere testified the defendant is "highly predisposed" to exposing his genitals to someone with non-consent,

basing her conclusion in part on the fact the defendant has repeated this action previously. (N.T., 8/6/2009, p. 27.)

The defendant erroneously states there were no victims here. If exposing ones genitalia to a non-consenting person were accepted in this Commonwealth, there would be no statute making it a crime. Now, after years of exposing himself to numerous victims, the three victims in this case to whom the defendant exposed himself were minor children.

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied in this docket.