J-S03032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MEIKLE, | : | |
| | : | |
| Appellant | : | No. 1374 EDA 2018 |

Appeal from the Judgment of Sentence October 3, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006086-2014

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED MARCH 15, 2019**

Sean Meikle ("Meikle") appeals from the judgment of sentence imposed following his plea of guilty to the charges of firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, possession of an instrument of crime, terroristic threats, simple assault, and recklessly endangering another person.[1] We vacate and remand.

On February 17, 2017, Meikle entered an open guilty plea to the above-described charges, related to his assault of a young woman. The trial court deferred sentencing and ordered a pre-sentence investigation report. Subsequently, the trial court sentenced Meikle to an aggregate term of 11 to 22 years in prison. Thereafter, Meikle filed post-sentence Motions, requesting reconsideration of his sentence and the withdrawal of his guilty plea. The trial

---

[1] **See** 18 Pa.C.S.A. §§ 6106(a)(1), 6108, 907(a), 2706(a)(1), 2701(a), 2705.

court denied both Motions. Meikle filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Meikle raises the following questions for our review:

1. Did not the [trial] court err in denying [Meikle's] [M]otion to withdraw his guilty plea[,] where there is no evidence that [Meikle] was informed of the maximum permissible punishment, and[,] in fact[,] was misinformed in the written guilty plea colloquy?

2. Did not the [trial] court err in sentencing [Meikle] to an aggregate sentence over three times the guideline sentencing range without discussing any rationale for its sentence other than the severity of the offense?

Brief for Appellant at 4.

In his first claim, Meikle alleges that the trial court erred in denying his Post-sentence Motion to withdraw his guilty plea. *See id.* at 14-17. Meikle argues that his plea was invalid because it was not entered into knowingly, intelligently, and voluntarily. *Id.* at 14-15. Meikle claims that the trial court's oral guilty plea colloquy was insufficient to apprise Meikle of his rights, inform him of the maximum sentence he was facing, or determine whether Meikle was entering a knowing, intelligent, and voluntary plea. *Id.* at 15, 16-17.

It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court[,] … [and] we review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of

manifest injustice. … Thus, post-sentence motions for withdrawal are subject to higher scrutiny[,] since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise."

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations, quotation marks and parentheticals omitted).

To ensure that a plea is voluntary, knowing, and intelligent,

Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. … As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Hart*, 174 A.3d at 667-68 (citations omitted). "Inquiry into the above six areas is mandatory." *Commonwealth v. Ingold*, 823 A.2d 917, 921 (Pa.

Super. 2003), *disapproved of on other grounds by Commonwealth v. O'Berg*, 880 A.2d 597 (Pa. 2005).  "The purpose of [Rule 590] is to insure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea." *Commonwealth v. Carter*, 656 A.2d 463, 465 (Pa. 1995).

The Comment to Rule 590 further states that "nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings.  [However,] **[t]his written colloquy would have to be supplemented by some on-the-record oral examination**."  Pa.R.Crim.P. 590, cmt. (emphasis added).

Here, Meikle completed a written guilty plea colloquy that included the following admissions relevant to the instant appeal:

I can read and write English.

I have never seen a doctor or been in a hospital for any mental problems – I can understand what is going on.

I am not under the influence of drugs or alcohol.

I have not taken any medicine in the last week.

**THE CHARGES**
I admit I committed the crime(s) of  VUFA 6106A1 F3, VUFA 6108 M1, PIC M1, terroristic threats M1, SA[] M2, REAP M2,[2] and I want to plead guilty.  My lawyer told me what the elements of the crime(s) are that the District Attorney must prove to convict me.

---

[2] Underlined text represents blanks in the colloquy form that were filled in by hand.

I know I can go to jail for up to <u>22.5</u>[3] years and be fined <u>$50[,]000</u> for the crimes I committed.

**NO PROMISES OR THREATS**
Nobody promised me anything or threatened me or forced me to plead guilty.  I, myself, have decided to plead guilty.  I know what I say today is final.

**PLEA BARGAIN OR AGREEMENT**

….

There is no plea bargain of any kind, except that the District Attorney promised to:

….

Drop the charges of <u>Agg Assault F1</u>[.]

Nobody else promised me anything if I plead guilty.

I know if the judge does not agree with the plea bargain or agreement, I can withdraw my guilty plea and have a trial before a judge and jury or before a judge alone.

**RIGHTS AT TRIAL**
I do not have to plead guilty, even if I committed the crimes.  I have an absolute right to plead not guilty and have a trial.  I can have a jury trial or, if I give up my jury trial rights, I can have a trial by a judge alone.  When I plead guilty, I give up my right to have a trial.  If I went to trial, I would have all the rights listed below plus others.

I am presumed to be innocent.  That means that I start out innocent – and stay innocent unless the District Attorney proves I committed the crime(s).  I do not have to prove anything.

To convict me, the District Attorney must prove more than that I probably committed the crimes.  The District Attorney has to prove me guilty "beyond a reasonable doubt[.]"  A reasonable

---

[3] This blank contains an illegible, scribbled-out number.  "22.5" is written underneath the blank.

doubt is the kind of doubt which would cause a normal, reasonable person to hesitate or halt or refuse to take any action at all in something very important to them.

I have the right to remain silent. Nobody can make me testify or talk about the case. No one can hold it against me if I remain silent. However, if I want to, I can testify (tell my story) at the trial. Also, I may call other people who will be my witnesses and testify for me. If I plead guilty, I give up this right.

I give up many important rights if I plead guilty. For example, if I do not plead guilty and have a trial, all the witnesses for the District Attorney must come to court and testify under oath. My lawyer may cross-examine them. My lawyer can ask them questions to see if they are telling the truth and if what they say is correct. I give up this right to confront and cross[-]examine witnesses and many other rights if I plead guilty. The witnesses do not have to come in to Court – the District Attorney just reads to the judge a summary of what happened.

….

**SATISFIED WITH MY LAWYER**
I am satisfied with the advice and service I received from my lawyer. My lawyer spent enough time on my case and I had enough time to talk with my lawyer about the case. My lawyer left the final decision to me and I decided myself to plead guilty.

**FACTS OF MY CASE AND ELEMENTS OF THE CRIME(S)**
The facts of the case have been read to me. The crimes and elements of the crime(s) have been explained to me. I committed the crime(s), and that is why I am pleading guilty.

**GIVING UP DEFENSES**
If I plead guilty, I am giving up the right to defend my case. I cannot come back to court later and say that I was not guilty. Once I plead guilty, I can no longer complain that I was innocent and did not commit the crime.

**I HAVE READ ALL OF THE ABOVE, OR MY LAWYER READ IT TO ME. I UNDERSTAND IT. MY ANSWERS ARE ALL TRUE AND CORRECT.**

Written Guilty Plea Colloquy, 2/17/17, at 1-3 (footnotes added). Meikle's name is handwritten, both printed and signed, at the bottom of page three.

At the plea hearing, the trial court conducted the following oral colloquy:

THE COURT: How old are you?

THE DEFENDANT: 26.

THE COURT: How far did you go in school?

THE DEFENDANT: Tenth grade.

THE COURT: Read, write, understand English?

THE DEFENDANT: Yes, sir.

THE COURT: Are you under the influence of drugs or alcohol today?

THE DEFENDANT: No, sir.

THE COURT: Suffering from any mental illness today?

THE DEFENDANT: No, sir.

THE COURT: Satisfied with your attorney?

THE DEFENDANT: Yes.

N.T., 2/17/17, at 4. The Commonwealth subsequently provided the facts of the case, and asked Meikle to verbalize his guilty plea. Meikle stated that he pled guilty, after which the trial court scheduled sentencing and concluded the hearing. At no point were the charges to which Meikle pled guilty, or the maximum sentence, discussed during the plea hearing.

The record reveals that the trial court failed to elicit any of the information required by Pa.R.Crim.P. 590. Indeed, the trial court did not ask Meikle any questions regarding whether Meikle understood the charges

against him or his right to a trial. **See Ingold**, 823 A.2d at 921 (finding that the defendant's plea was not knowingly, intelligently, and voluntarily entered where "it is immediately apparent that the trial court did not inquire into the six areas set forth in Pa.R.Crim.P. 590.").

Additionally, Meikle was never informed, on the record, of the charges to which he was pleading guilty, or the maximum punishment his guilty plea carries. **See Commonwealth v. Persinger**, 615 A.2d 1305, 1308 (Pa. 1992) (stating that "a defendant obviously cannot be expected to plead intelligently … [without being] informed of the maximum punishment that might be imposed for his conduct."); **see also Commonwealth v. Flick**, 802 A.2d 620, 624 (Pa. Super. 2002) (stating that although the defendant signed a written colloquy, which contained the charges filed against the defendant and the maximum sentence, and the defendant verbally acknowledged in open court that he had read and understood the charges and maximum punishment, the defendant's guilty plea was unknowing because the trial court did not "explain the nature of the charges against [the defendant,] nor discuss the elements of the offenses.").

Although the charges and maximum sentence appear on the first page of the written colloquy, the trial court did not inquire as to whether Meikle read or understood the written colloquy, or whether his attorney explained the colloquy to him. Moreover, the charges are handwritten in barely legible legal abbreviations, the meaning of which would not be obvious to a layperson.

Similarly, the maximum sentence that was noted on the written colloquy was changed, and the record does not reflect that Meikle acknowledged the change. Furthermore, even if we concluded that the written colloquy sufficiently informed Meikle of his charges and the maximum punishment it carried, it was not supplemented by an on-the-record examination as required by Pa.R.Crim.P. 590, cmt.

In examining the totality of the circumstances surrounding the entry of Meikle's guilty plea, we conclude that his plea was not knowing, intelligent, and voluntary. Accordingly, the trial court abused its discretion in denying Meikle's post-sentence Motion to withdraw his guilty plea. We vacate Meikle's judgment of sentence, permit Meikle to withdraw his plea, and remand the case for further proceedings.[4]

Judgment of sentence vacated. Case remanded for further proceedings. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19

---

[4] In light of our holding, we need not address Meikle's second issue on appeal.