J-S53008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY LEATHERBURY | : | |
| | : | |
| Appellant | : | No. 2543 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 12, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007113-2016

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                           Filed: March 18, 2021

Appellant, Jeffrey Leatherbury, appeals from the judgment of sentence imposed on December 12, 2016.  Appellant's counsel has filed a motion to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation in a direct appeal.  After careful review, we grant counsel's motion to withdraw and affirm the judgment of sentence.

On December 5, 2016, Appellant entered into an open guilty plea, pleading guilty to attempted murder, aggravated assault, carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, and

_____

* Retired Senior Judge assigned to the Superior Court.

possession of an instrument of crime ("PIC"), following an encounter with Rodney Tyson ("Victim"). [1] During his guilty-plea hearing, Appellant admitted the following facts:

> [O]n June 20, 2016[,] at approximately 6:27 in the evening in the area of 1122 West Lehigh Avenue, [Victim] in this case was leaving work and was talking with a friend in that area when he was approached by [Appellant] who told him to get off his block, pulled out a gun, pointed it at them -- him.
>
> When [Victim] turned to run away he heard a gunshot. That shot missed him, but then he heard two more shots. Both of those shots struck [Victim] in the back and once in his butt. He fell to the ground. [Appellant] chased him, stood over top of him pointing the gun at him, struck him with the gun before running away from the scene.

N.T. (Guilty Plea), 12/5/16, at 19. Although Appellant ran away from the scene, he turned himself in later that same day. *Id*.

Appellant signed a Colloquy for Plea of Guilty and participated in an oral colloquy. N.T. (Guilty Plea), 12/5/16, at 5-20. During the guilty plea colloquy, Appellant averred*, inter alia*, that: he understood the terms of the plea agreement; he was sober and not suffering from any mental disease or defect; he had discussed the case with counsel; by pleading guilty he was waiving his right to a jury trial, to confront witnesses, and to litigate any pretrial motions; he entered into the guilty plea knowingly and voluntarily; he initialed and signed the guilty colloquy form and understood its contents; he understood his post-sentence rights; he was aware of the maximum sentence for charges

---

[1] 18 Pa.C.S §§ 901(a) (2502), 2702(a)(1), 6106(a)(1), 6108, and 907(a), respectively.

- 2 -

to which he pled guilty; he was aware of the facts underlying the charge; he discussed the elements of the crimes to which he was pleading guilty with counsel and understood them; he was pleading guilty because he committed the crimes to which he was pleading; and he had a limited right to appeal. N.T. (Guilty Plea), 12/5/16, at 5-20.

On December 12, 2016, the trial court sentenced Appellant to a total of six and one half to fifteen years of incarceration.[2]  Following his sentencing, Appellant filed a counseled post-sentence motion on December 19, 2016.  Post Sentence Motion, 12/19/16.  In that motion, Appellant sought to withdraw his guilty plea.  *Id*.  The motion was denied by operation of law, but the denial was not entered on the docket.  N.T. (PCRA), 8/26/19, at 3.  Appellant was initially unaware that the motion was denied.  *Id*.

On April 2, 2019, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, seeking to have his right to a direct appeal reinstated *nunc pro tunc*.  The trial court appointed PCRA counsel, counsel filed an amended petition, and a hearing was held on August 26, 2019.  During the hearing, the Commonwealth agreed to the *nunc pro tunc* reinstatement of Appellant's direct appeal rights and those rights were reinstated.

_____

[2]  The trial court sentenced Appellant to six and one-half years to fifteen years of incarceration for attempted murder and one to two years of incarceration for both of the firearms convictions, to be served concurrently.  The count for aggravated assault merged with the attempted murder count.  Finally, the court did not impose any additional sentence for the PIC conviction. Sentencing Order, 12/12/16.

Appellant filed a timely notice of appeal on August 29, 2019. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely Pa.R.A.P. 1925(c)(4) statement, in which counsel set forth her intent to file an ***Anders*** brief. The trial court responded that it would not file an opinion because Appellant's counsel planned to file an ***Anders*** brief.

Before we address the merits of this appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon counsel seeking to withdraw on direct appeal. Counsel is required to:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032. Counsel has complied with these directives. In her motion to withdraw, counsel averred that she has conducted an extensive review of the record and applicable law, found no issues of merit, and concluded that the appeal would be frivolous. Further, she furnished a copy of her ***Anders*** brief to Appellant and informed him that although she requested permission to

withdraw, Appellant had the right to litigate his appeal *pro se* or he may retain counsel.[3]  Motion Seeking Permission to Withdraw as Counsel, Exhibit 1.

We next look to whether counsel's ***Anders*** brief adheres to the dictates set forth by our Supreme Court in ***Santiago***:

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.  Upon review, we find counsel's brief is compliant with the dictates of ***Santiago***.  The brief describes the factual and procedural history of the case, with citations to the record.  ***Anders*** Brief at 4-7. Moreover, the brief includes citation to and discussion of relevant case law. ***Id***. at 10-13.  Finally, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for that conclusion.  ***Id***. at 14-15.

Satisfied that counsel has met the requirements of ***Santiago*** and ***Anders***, we now proceed with an independent review of the proceedings and record to determine whether there are any non-frivolous issues that could be presented on appeal.  ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1198-

---

[3] Appellant filed a *pro se* response to the ***Anders*** Brief in which he asserted that counsel's ***Anders*** Brief contradicted her earlier correspondence with him. Appellant's Reply Brief to Counsel's ***Anders*** Brief, 6/3/20.

1199 (Pa. Super. 2018) (*en banc*). Although counsel avers that it is her opinion there are no meritorious issues, she sets forth the following issue at the request of Appellant:

> 1. Did the trial court commit an abuse of discretion in denying Appellant's post-sentence motion to withdraw his guilty plea[?]

***Anders*** Brief at 10 (full capitalization omitted).

Preliminarily, we note "When considering the propriety of a trial court's denial of a motion to withdraw a guilty plea, we are bound by the determination of that court unless we find that it committed an abuse of discretion." ***Commonwealth v. Mobley***, 581 A.2d 949, 952 (Pa. Super. 1990) (citation omitted). Moreover, we note that post-sentence motions seeking to withdraw a guilty plea, such as the one Appellant filed, are subject to a higher degree of scrutiny than a motion filed before sentencing. Indeed,

> Post-sentence motions for withdrawal are subject to a higher scrutiny since courts strive to discourage entry of guilty pleas as sentence testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Kehr***, 180 A.3d 754, 756-757 (Pa. Super. 2018).

In support of his appeal, Appellant contends he should have been permitted to withdraw his guilty plea because: he advised his plea counsel that he wanted to withdraw his plea, he tried to retain counsel prior to

- 6 -

sentencing to assist him with withdrawing his plea, he entered his plea despite being innocent because it was his first criminal proceeding and he was actually innocent. *Anders* Brief at 10. Ultimately, Appellant avers that he should have been permitted to withdraw his plea because he entered it unknowingly, unintelligently, and involuntarily. *Id*.

A review of the record establishes that Appellant entered into the plea knowingly, intelligently, and voluntarily.[4] During a guilty plea a trial court should make the following inquiries:

(1)     Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*

(2)     Is there a factual basis for the plea?

(3)     Does the defendant understand that he or she has the right to trial by jury?

_____

[4] We are aware that at the beginning of the plea hearing, Appellant stated that he did not want to plead guilty. N.T. (Guilty Plea), 12/5/16, at 8-9. Specifically, Appellant claimed that trial counsel did not have a defense prepared, and he felt pressured to enter a guilty plea. *Id*. at 9. Trial counsel responded that he had discussed Appellant's defense with him as well as the pros and cons of Appellant's case. *Id*. After further discussion among counsel, Appellant, and the trial court, Appellant decided that he wanted to enter an open plea. *Id*. at 15. Following Appellant's declaration that he wanted to enter the plea, the trial court recessed the hearing so Appellant and his counsel could further discuss Appellant's decision. Following the discussion between Appellant and his counsel, and despite his earlier hesitation, Appellant again stated that he wished to plead guilty. The trial court then conducted a thorough colloquy, during which Appellant confirmed, *inter alia*, that he was not promised anything, forced, or threatened to plead guilty and that he was doing so of his own free will. *Id*. at 18. Appellant also acknowledged the facts that supported the guilty plea and admitted guilt. *Id*. at 19-20.

(4)    Does the defendant understand that he or she is presumed innocent until found guilty?

(5)    Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Pollard*, 832 A2d 517, 522-523 (Pa. Super. 2003) (citing *Commonwealth v. Ingold*, 823 A.2d 917, 920-921 (Pa. Super. 2003)). **See also** Pa.R.Crim.P. 590 (setting forth criteria necessary for a party to enter a plea or plea agreement). A review of the transcript from the guilty-plea hearing makes clear that the trial court followed that mandate and made all relevant inquires and Appellant responded in the affirmative appropriately. N.T. (Guilty Plea), 12/5/16, at 16-20. Further, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Pollard*, 832 at 523. Moreover, we note that an assertion of innocence is not sufficient to demonstrate the manifest injustice required for the post-sentence withdrawal of a guilty plea. *Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016).

In the instant case, the trial court conducted a thorough, on-the-record guilty-plea colloquy that discussed all of the required elements, as discussed *supra*. Appellant also signed a written guilty plea colloquy. The totality of the circumstances supports the conclusion that Appellant knowingly, voluntarily,

and intelligently entered into the guilty plea.  Given that a defendant  is bound by the statements he made during his guilty plea colloquy, ***Commonwealth v. Stork***, 737 A.2d 789, 790-791 (Pa. Super. 1999), he may not assert grounds for withdrawing his plea that contradict the statements he made during the plea hearing.  ***Pollard***, 832 A.2d at 523, Appellant is unable to make the required showing that his plea was entered into unknowingly, unintelligently, or involuntarily.  Thus, Appellant cannot show he suffered prejudice on the order of manifest injustice required for the withdrawal of a plea after he was sentenced.

Finally, we have conducted an independent review of the record in order to determine if there are any additional, non-frivolous issues overlooked by counsel.  ***Yorgey***, 188 A.3d at 1198-1199.  Following our review, we conclude that there are no additional issues of merit and an appeal in this matter is frivolous.

Motion to withdraw as counsel granted.  Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/18/21</u>