J. S69030/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIBERTO GONZALEZ, | : | No. 203 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 19, 2013
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0005179-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 12, 2014**

Eriberto Gonzalez appeals from the judgment of sentence of November 19, 2013, following a plea of ***nolo contendere*** to one count of possession with intent to deliver ("PWID") (heroin).  We affirm.

On September 9, 2012, at approximately 3:15 p.m., Officer David Howells was on routine patrol when he observed a black Mercedes SUV. (Notes of testimony, 11/19/13 at 11.)  Officer Howells ran the license plate number and discovered that the vehicle's registration was suspended for insurance cancellation.  (***Id.***)  Officer Howells executed a traffic stop and approached the vehicle.  (***Id.***)  Officer Howells observed appellant in the driver's seat.  (***Id.***)  When he asked appellant for identification, appellant produced a driver's license with the name "Angel Cintron."  (***Id.*** at 12.)  It

was clear to the officer that appellant was not the same man pictured on the driver's license. (*Id.*)

At that time, Officer Howells asked appellant to step out of the vehicle. (*Id.*) Appellant consented to a search of his person, at which time Officer Howells recovered a packet of synthetic marijuana in appellant's pocket. (*Id.*) During a subsequent inventory search of appellant's vehicle, Officer Howells found a black plastic bag filled with rice in the center console. (*Id.*) Inside the bag were nine bundles of heroin containing a total of 69 stamp bags of heroin. (*Id.*) When Officer Howells placed appellant under arrest, he asked whether he used any drugs such as cocaine or heroin. (*Id.*) Appellant denied using any drugs except for synthetic marijuana. (*Id.* at 13.)

On November 19, 2013, appellant entered a plea of *nolo contendere* to count 1, PWID (heroin). In exchange for appellant's plea, the Commonwealth agreed to withdraw the remaining charges including two counts of possession, possession of drug paraphernalia, and false identification. In addition, the Commonwealth agreed to waive the 3-year mandatory minimum sentence and cap appellant's minimum sentence at the bottom of the standard range of the sentencing guidelines, or 24 months. (*Id.* at 3.) Appellant was also RRRI eligible. (*Id.*)[1] There was no

---

[1] Recidivism Risk Reduction Incentive ("RRRI") program, 61 Pa.C.S.A. § 4501 *et seq*.

agreement as to the maximum sentence appellant could receive. (**Id.** at 6-7.)

The trial court accepted the plea and imposed a sentence of 24 months to 7 years' imprisonment. (**Id.** at 21.) Under RRRI, appellant would be eligible for release on parole after 18 months. (**Id.** at 22-23.) On December 2, 2013, appellant filed a post-sentence motion for modification of sentence, requesting a sentence of 2 to 5 years' imprisonment or, in the alternative, to withdraw his plea.[2] Appellant's motion was denied on December 18, 2013. A timely notice of appeal was filed on January 14, 2014. On January 15, 2014, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Appellant filed his Rule 1925(b) statement on February 14, 2014, and the trial court has filed a Rule 1925(a) opinion.[3]

---

[2] The 10th day following sentencing was Friday, November 29, 2013. As this was the day after Thanksgiving, presumably the courthouse was closed. No one suggests that appellant's post-sentence motion was untimely and failed to toll the appeal period. Therefore, we conclude that appellant's post-sentence motion filed the following Monday, December 2, 2013, was timely. **See** 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time).

[3] Appellant's Rule 1925(b) statement was due on February 5, 2014. Therefore, it was filed late. However, the trial court addressed the issues raised in its Rule 1925(a) opinion and it is unnecessary to remand. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa.Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented."), citing **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa.Super. 2009) (**en banc**).

Appellant has presented the following issues for this court's review:

> A. Did the lower court err by denying [appellant]'s request to withdraw his **nolo** plea, post-sentence, as [appellant]'s plea was not entered knowingly or voluntarily or that [appellant] was innocent of the charge?
>
> B. Whether the length of the maximum sentence imposed by the court is manifestly excessive given the totality of the circumstances, [appellant]'s rehabilitative needs, and the disproporti[o]nate reliance upon the need to protect the community?

Appellant's brief at 7 (capitalization omitted) (emphasis added).

"Preliminarily, we note that in terms of its effect upon a case, a plea of **nolo contendere** is treated the same as a guilty plea." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa.Super. 2004), citing **Commonwealth v. Miller**, 748 A.2d 733, 735 (Pa.Super. 2000).

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. **Commonwealth v. Shekerko**, 432 Pa.Super. 610, 639 A.2d 810, 813 (1994). There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. **Commonwealth v. Muhammad**, 794 A.2d 378, 382 (Pa.Super.2002). To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." **Id.**, 794 A.2d at 383. "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." **Commonwealth v. Ingold**, 823 A.2d 917, 920 (Pa.Super.2003). A defendant's disappointment in the sentence imposed does not constitute "manifest injustice." **Muhammad**, 794 A.2d at 383.

A court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. *Ingold*, 823 A.2d at 920. The colloquy must inquire into the following areas:

(1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or **nolo contendere**?

(2)   Is there a factual basis for the plea?

(3)   Does the defendant understand that he or she has the right to trial by jury?

(4)   Does the defendant understand that he or she is presumed innocent until found guilty?

(5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* at 920-21. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. **Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa.Super.1999). He bears the burden of proving otherwise. *Id.*

**Commonwealth v. Pollard**, 832 A.2d 517, 522-523 (Pa.Super. 2003).

Instantly, the trial court conducted a thorough, probing on-the-record plea colloquy with appellant. (Notes of testimony, 11/19/13 at 6-13.) Appellant also completed a written plea colloquy which was explained to him by his attorney. (*Id.* at 7.) Appellant was clearly informed that under the terms of the plea agreement, his minimum sentence could be no greater

than 2 years but that there was no agreement as to the maximum sentence he could receive. (*Id.* at 6-7.) Appellant indicated he understood that the maximum sentence was 30 years' incarceration. (*Id.* at 10.) Appellant stated that no one had coerced or threatened him to enter the plea, and other than the plea agreement, no promises had been made to entice a plea. (*Id.* at 9.)

As the trial court states, it appears that appellant is simply disappointed in his sentence. (Trial court opinion, 3/12/14 at 5.) This conclusion is supported by appellant's post-sentence motion, in which he stated, "[Appellant] has indicated to his undersigned counsel that he is dissatisfied with the above-referenced sentence and, if this Honorable Court denies his Motion to Modify Sentence, has requested that the undersigned counsel request the withdrawal of his plea of *nolo contendere*." (Post-sentence motion, 12/2/13 at 5 ¶22; docket #28.)

> A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting the liberal standard enunciated in [the presentence setting] might encourage the entrance of a plea as a sentence testing device. We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

*Commonwealth v. Byrne*, 833 A.2d 729, 737 (Pa.Super. 2003), quoting *Muhammad*, 794 A.2d at 383. Appellant failed to demonstrate a manifest injustice. To the contrary, the record shows that appellant entered his plea knowingly, voluntarily, and intelligently. There is no merit here.

Next, appellant presents a challenge to the discretionary aspects of his sentence, claiming that his sentence is manifestly excessive and disregards his rehabilitative needs. Appellant concedes the sentence complied with the express terms of the plea agreement and was within the standard range of the guidelines, but argues that the maximum sentence of 7 years was unjustified.

> A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super.2001)[,] *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). When challenging the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (*en banc*) (emphasis in original).

*Commonwealth v. McNear*, 852 A.2d 401, 407-408 (Pa.Super. 2004).

> To demonstrate that a substantial question exists, "a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature." *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617, 622 (2002), quoting,

> ***Commonwealth v. Koehler***, 558 Pa. 334, 737 A.2d
> 225, 244 (1999). In ***Mouzon***, our Supreme Court
> held that allegations of an excessive sentence raise a
> substantial question where the defendant alleges
> that the sentence "violates the requirements and
> goals of the Code and of the application of the
> guidelines . . . ." ***Id.*** at 627. A bald allegation of
> excessiveness will not suffice. ***Id.***

***Commonwealth v. Fiascki***, 886 A.2d 261, 263 (Pa.Super. 2005), ***appeal***

***denied***, 897 A.2d 451 (Pa. 2006).

Instantly, appellant has complied with the requirements of Rule 2119(f) by including such a statement in his brief. (Appellant's brief at 10.) Therein, appellant contends that his sentence is "manifestly excessive, disproportionate to the actions of [appellant] and his rehabilitative needs." (***Id.***) Initially, we note that appellant's sentence fell within the standard range of the sentencing guidelines. ***See Commonwealth v. Maneval***, 688 A.2d 1198, 1199-1200 (Pa.Super. 1997) ("Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists."), citing ***Commonwealth v. Johnson***, 666 A.2d 690, 692 (Pa.Super. 1995).

Appellant had a prior record score of 5, including prior drug offenses. (Notes of testimony, 11/19/13 at 13-14.) At the time he committed this offense, appellant was on parole. (***Id.*** at 4-5.) PWID carries an offense gravity score of 7. (***Id.*** at 2-3.) Appellant faced a maximum term of 30 years and a mandatory minimum term of 3 years; however, in accordance with the terms of the plea agreement, the Commonwealth

waived the mandatory minimum and agreed to a minimum sentence of no more than 24 months, which falls at the bottom end of the standard range of the sentencing guidelines. (*Id.* at 2-3, 5-6.) In exchange for his plea, the Commonwealth withdrew the remaining charges. Appellant waived his right to a pre-sentence investigation and asked to proceed directly to sentencing. (*Id.* at 13.) Appellant indicated he understood that there was no agreement on the maximum sentence he could receive and the trial court's 2-7 year sentence complied with the terms of the plea bargain and was well within the guidelines. Appellant falls far short of raising a substantial question for our review.

Even if we were to review appellant's sentence on the merits, appellant would have to demonstrate that "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). Appellant has a lengthy history of dealing drugs, and previous attempts at rehabilitation were unsuccessful. (Trial court opinion, 3/12/14 at 4.) It is clear that the trial court imposed a 7-year maximum sentence to ensure that if appellant is paroled at the expiration of his minimum sentence, which could be as soon as 18 months, he receives the appropriate treatment and supervision. (*Id.*; notes of testimony, 11/19/13 at 22.) Appellant's sentence was not clearly unreasonable.

Judgment of sentence affirmed.

J. S69030/14

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>12/12/2014</u>