J-A14031-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
KEITH RICHARD CALLEN :
:
Appellant : No. 1171 WDA 2019

Appeal from the Judgment of Sentence Entered June 3, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009929-2016

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            FILED SEPTEMBER 24, 2020

Keith Richard Callen ("Callen") appeals from the judgment of sentence imposed following his negotiated guilty plea to one count each of aggravated indecent assault, sexual assault by a sports official, indecent assault, and unlawful contact with a minor; and two counts of corruption of minors.[1]  We affirm.

On October 4, 2016, Callen was charged at Docket No. CP-02-CR-0009926-2016 ("No. 9926-2016") and Docket No. CP-02-CR-0009929-2016 ("No. 9929-2016") with numerous sexual offenses in relation to three victims,

_____

[1]  18  Pa.C.S.A.  §§  3125(a)(8),  3124.3(a),  3126(a)(8),  6318(a)(1), 6301(a)(1)(i).

K.G., D.G., and B.M., when they were minors.[2]  The trial court consolidated No. 9926-2016 and No. 9929-2016 (collectively the "Consolidated Cases"). After a procedural history not relevant to the instant appeal, Callen proceeded to a jury trial in Allegheny County on the Consolidated Cases.

On October 2, 2017, a jury found Callen guilty, at No. 9929-2016, of aggravated indecent assault, sexual assault by a sports official, indecent assault, unlawful contact with a minor, and two counts of corruption of minors in relation to B.M.[3]  The trial court subsequently sentenced Callen to an aggregate prison term of 13 to 26 years.

Callen filed a direct appeal, at which time this Court vacated Callen's judgment of sentence, reversed his convictions, and remanded the case for further proceedings.  See Commonwealth v. Callen, 198 A.3d 1149 (Pa. Super. 2018).  With respect to No. 9926-2016, this Court concluded that venue was improper in Allegheny County, because all of the events relevant to that case occurred in Butler County.  Id. at 1159-60.  Accordingly, this Court vacated Callen's judgment of sentence, reversed his convictions at No.

_____

[2] The allegations in No. 9926-2016 involved K.G. and D.G., and pertained to events that occurred in Butler County, Pennsylvania.  The allegations in No. 9929-2019 involved B.M., and pertained to events that occurred in Allegheny County, Pennsylvania, while Callen was B.M.'s gymnastics coach.

[3] The jury also found Callen guilty of aggravated indecent assault, indecent assault, endangering the welfare of a child, and corruption of minors, in relation to K.G.  Additionally, the jury further found Callen guilty of endangering welfare of a child and corruption of minors in relation to D.G.

- 2 -

9926-2019, and remanded for a new trial. Id. at 1160-63. Based upon this determination, this Court also concluded that Nos. 9926-2016 and 9929-2016 should not have been tried together in Allegheny County. Id. at 1163. Regarding No. 9929-2016, this Court determined that "the Commonwealth has not established, beyond a reasonable doubt, that the trial court's erroneous venue ruling with respect to [No. 9926-2019] could not have contributed to the verdict in [No. 9929-2016]." Id. at 1166. Therefore, this Court reversed Callen's convictions at No. 9929-2016 and remanded for a new trial. Id. Finally, this Court concluded that the Commonwealth presented sufficient evidence with respect to Callen's conviction of sexual assault by a sports official at No. 9929-2016 and Callen's convictions of endangering the welfare of a child at No. 9926-2016.[4, 5] Id. at 1167.

_____

[4] After vacating Callen's judgment of sentence, reversing his convictions, and remanding for a new trial, this Court was still required to address Callen's challenge to the sufficiency of the evidence. See Callen, 198 A.3d at 1167 (citing Bullington v. Missouri, 451 U.S. 430, 442 (1981) (stating "[a] defendant may not be retried if he obtains a reversal of his conviction on the ground that the evidence was insufficient to convict")); see also Commonwealth v. Markman, 916 A.2d 586, 597 (Pa. 2007) (stating "[e]ven where … a new trial is ordered, sufficiency review is necessary because a first-degree murder conviction would be precluded on remand if the evidence in the first trial was insufficient to sustain the guilty verdict").

[5] On remand, No. 9926-2016 was transferred to the Butler County Court of Common Pleas in January of 2019. No. 9929-2016 remained in Allegheny County and is the subject of the instant appeal.

On June 3, 2019, Callen entered into a negotiated plea agreement at No. 9929-2016, where he agreed to plead guilty to one count each of aggravated indecent assault, sexual assault by a sports official, indecent assault, and unlawful contact with a minor, and two counts of corruption of minors. In accordance with the guilty plea, the trial court sentenced Callen to a term of two to four years in prison, followed by five years of probation, lifetime registration under the Sexual Offenders Registration and Notification Act ("SORNA"),[6, 7] and charge specific-special-conditions of supervision.

Callen filed a timely Post-Sentence Motion and a Supplemental Post-Sentence Motion. In his Supplemental Motion, Callen sought to withdraw his guilty plea on the basis that it was not knowingly or intelligently entered, because the trial court had failed to comply with the six mandatory questions set forth in the Comment to Pa.R.Crim.P. 590. Additionally, Callen claimed his guilty plea was not knowing or intelligent where the SORNA Colloquy was defective for not informing him of his duties as a sex offender should he move to another jurisdiction, change employment, or change schooling. The trial court denied Callen's Motions without a hearing.

Callen filed a timely Notice of Appeal and court-ordered Concise Statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

_____

[6] See 42 Pa.C.S.A. §§ 9799.10-9799.41

[7] At the time of his guilty plea, Callen signed a SORNA Colloquy acknowledging that he received notification of his registration requirements as a sex offender.

Callen now raises the following claims for our review:

1. [Pennsylvania Rule of Criminal Procedure] 590 demands [that] trial judges supplement any written guilty plea colloquy with an oral dialogue on seven (7) topics. At [] Callen's [guilty] plea, there was no informational exchange of four (4) of these topics. Should [Callen] be allowed to withdraw his guilty plea?

2. [] Callen executed a [W]ritten [G]uilty [P]lea [C]olloquy along with a [SORNA C]olloquy at his [guilty] plea. One gave inaccurate legal advice while the other failed to follow state law. Does the coalescence of these events justify a withdraw[al] of [Callen]'s guilty plea?

Brief for Appellant at 5.

In both claims, Callen challenges the trial court's denial of his Motion to withdraw his guilty plea. The decision of whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Commonwealth v. Unangst, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotations omitted); see Commonwealth v. Broaden, 980 A.2d 124, 128 (Pa. Super. 2009) (stating that we review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion).

There is no absolute right to withdraw a guilty plea. Commonwealth v. Forbes, 299 A.2d 268, 271 (Pa. 1973). When a defendant seeks to withdraw a guilty plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." Commonwealth v. Yeomans, 24 A.3d 1044, 1046 (Pa. Super. 2011); see also Commonwealth v. Hart, 174 A.3d 660, 664 (Pa. Super. 2017) (explaining that "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage

the entry of guilty pleas as sentence-testing devices." (citations and quotation marks omitted)).

> To ensure that a plea is voluntary, knowing, and intelligent,
>
> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. ... As the Comment to Rule 590 provides[,] at a minimum, the trial court should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has a right to a trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Hart, 174 A.3d at 667-68 (citations omitted). "Inquiry into the above six areas is mandatory." Commonwealth v. Ingold, 823 A.2d 917, 921 (Pa. Super. 2003). "The purpose of [Pa.R.Crim.P. 590] is to ensure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea." Commonwealth v. Carter, 656 A.2d 463, 465 (Pa. 1995).

In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. Commonwealth v. Kpou, 153 A.3d 1020, 1023 (Pa. Super. 2016). "A guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea[,] and that he knowingly and voluntarily decided to enter the plea." Commonwealth v. Fluharty, 632 A.2d 312, 315 (Pa. Super. 1993). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." Id. Moreover, "[a] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." Commonwealth v. Morrison, 878 A.2d 102, 108 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.).

In his first claim, Callen contends that the trial court failed to address four of the mandatory questions pursuant to Pa.R.Crim.P. 590 on the record. Brief for Appellant at 15-17. Callen challenges the trial court's failure to inform him that he was presumed innocent until proven guilty; that the trial court was not bound by the terms of any plea agreement unless the trial court accepted that agreement; of the nature of the charges to which he was pleading guilty; and, that he was not informed of the permissible ranges of sentences for his crimes. Id. at 18, 21, 23, 25. In support of this claim,

Callen states that the trial court did not inform him that he could face consecutive sentences, and that the trial court did not inform him of the total possible maximum sentence. Id. at 26-27. Finally, Callen asserts that the trial court erred when it denied his request to withdraw his guilty plea in light of these errors. Id. at 27-28.

In its Opinion, the trial court addressed Callen's claims as follows:

[Callen] asserts that the [he did not] understand the nature of the charges to which he pled[.] This claim is without merit and disingenuous. [Callen] indicated that he was satisfied with the services of counsel and that counsel explained to [Callen] the nature of the charges and the elements of each offense. [See Written Guilty Plea Colloquy, 6/3/19, at 10.] [Callen] stated that he reviewed the [A]ffidavit of probable cause, the police report, and all of the discovery in this case with his attorney. Furthermore, in the [W]ritten Guilty Plea Colloquy, [Callen] answered "yes" to Questions 6 and 7, which ask, "[h]ave you discussed with your attorney the elements of each charged offense?" and "[h]ave you discussed with your attorney the factual basis of each charged offense?" [Id. at 2.] Moreover, the nature of the charges would have been made abundantly clear during the jury trial which preceded the plea. As a result, [Callen] chose to waive his right to a factual summary and stipulate that there was a factual basis for his guilty plea. [Callen]'s claim is without merit.

[Callen] claims he was not informed that he was presumed innocent. Again, the [W]ritten [Guilty Plea C]olloquy addresses this issue. Question 17 states that [Callen] "enter[s] the courtroom clothed with the presumption of innocence and that presumption remains with [him] until such time that all members of the jury or the judge in a non-jury trial, would find [him] guilty beyond a reasonable doubt." [See id. at 4.] [Callen] answered that he understood this. Id. [Callen] is an educated man who not only stated his ability to "read, write[,] and understand the English language," but also obtained his associate degree in college. [Callen] stated that he answered the questions in the [W]ritten [Guilty Plea C]olloquy honestly and that he read the entire document and understood it fully. [Callen] had the further benefit of the previous jury trial in this matter, whereupon his

presumption of innocence, along with other rights would have been explained in great detail [by the trial court]. This claim is without merit.

[Additionally, Callen] claims he was not made aware of the permissible range of sentences and/or fines for the offense charged. This [c]ourt stated the maximum possible sentences for each count at the plea hearing. [See N.T. (Guilty Plea/Sentencing Hearing), 6/3/19, at 14-15.] [Callen] asserts that this recitation was insufficient because this [c]ourt failed to tally the sentences to determine the total maximum sentence if this [c]ourt sentenced consecutively at all counts, a requirement without support in the law. Also, the [W]ritten [Guilty Plea C]olloquy specifically covers the concept[s] of concurrent and consecutive sentencing. [Callen] answered "yes" to whether he understood "that any term of imprisonment imposed as a result of [his] plea may be imposed separately or consecutively." [See Written Guilty Plea Colloquy, 6/3/19, at 9.] [Callen] also answered "yes" to the question "[h]ave you and your attorney discussed the maximum possible sentence which this [c]ourt could impose?" [Id. at 8.] Lastly, [Callen] answered "yes" to the question "[d]o you understand that if you have been charged with more than one offense, the [c]ourt may impose a separate, or consecutive, sentence for each offense?" Moreover, as this [c]ourt sentenced [Callen] in accordance with the plea agreement, with no sentences imposed consecutively, this issue is not only [without merit,] but also moot.

[Callen]'s final bone of contention relating to the [Written Guilty P]lea [C]olloquy is his allegation that he was not informed that [the trial court] was not bound by the terms of the plea agreement. Yet again, this claim is both [without merit] and moot. The [W]ritten [Guilty Plea C]olloquy specifically indicates [Callen]'s acknowledgement that the "the [trial c]ourt is not bound by any plea bargain." [Id. at 10.] However, [the trial c]ourt did accept the plea agreement and sentence[d Callen] in accordance with it.

Trial Court Opinion, 9/30/19, at 7-8 (some citations omitted). We agree with and adopt the trial court's reasoning.

Moreover, with regards to Callen's Written Guilty Plea Colloquy, we observe that Callen's initials appear handwritten at the bottom of each page.

Id. at 1-13. Additionally, Callen's name is handwritten, and signed, at the bottom of the eleventh page. Id. at 11. The trial court signed and dated the Written Guilty Plea Colloquy at the bottom of the eleventh page. Id.

Furthermore, at the guilty plea hearing, the trial court completed an extensive on-the-record plea colloquy in which Callen fully participated. See N.T. (Guilty Plea/Sentencing Hearing), 6/3/19, at 6-17. During the on-the-record colloquy, the trial court referenced Callen's 69-question Written Guilty Plea Colloquy and asked several times if he signed and understood the colloquy. Id. at 8-15. Callen indicated that he had gone over the entire form with his attorney, fully understood the form, and did not have any questions about it. Id.; see also Morrison, supra. Callen indicated that he had been to trial on these charges previously, heard the Commonwealth's evidence, and waived a factual summary of the offenses. N.T. (Guilty Plea/Sentencing Hearing), 6/3/19, at 16. Thus, the trial court accepted Callen's plea as knowing, intelligent, and voluntary. Id. Thereafter, Callen waived a pre-sentence investigation report and immediately proceeded to sentencing. See id. at 17. Further, the Commonwealth fully complied with the terms of the plea agreement, and the trial court sentenced Callen in accordance with the agreement. See id. at 17-19.

Thus, the totality of the circumstances reflects that Callen understood the nature of the charges brought against him, the maximum possible sentence, that he is presumed innocent until found guilty of the offenses, and

that the trial court was not bound by the terms of the plea agreement unless the trial court accepted his plea agreement. Because the record establishes that Callen entered into the guilty plea knowingly, intelligently, and voluntarily, Callen's challenge to the validity of his guilty plea lacks merit. See Fluharty, supra; see also Kpou, supra.

In his second claim, Callen argues two arguments that we will address separately. First, Callen argues that the SORNA Colloquy he completed was legally defective and, thus, rendered his guilty plea unknowing and unintelligent. Brief for Appellant at 28. In support of his claim, Callen asserts that the trial court was required to inform Callen of his six duties as a sex offender pursuant to 42 Pa.C.S.A. § 9799.23(a). Brief for Appellant at 29. Specifically, Callen claims that the trial court did not inform him of his reporting duties were he to move to a new jurisdiction. Id. Callen acknowledges that the trial court informed him of his "duty to report to another jurisdiction," but contends that he was not informed that he only had three days to register his new address. Id. at 29-30. Additionally, Callen claims that the trial court failed to notify him of his duties to report a change in employment or schooling. Id. at 31. Callen acknowledges that the trial court informed him of his duty to report a new residence to a new jurisdiction, but claims that he was not informed of his duties to report changes in employment or schooling to a new jurisdiction pursuant to 42 Pa.C.S.A. § 9799.23(a)(3). Brief for Appellant at 31.

Callen's claims that his SORNA Colloquy was defective, hinge on the language of 42 Pa.C.S.A. § 9799.23(a), which provides, in relevant part, as follows:

(a) Notice to sexual offender.—At the time of sentencing, … the court shall inform the sexual offender of the provisions of this subchapter. The court shall:

* * *

(3) Specifically inform the sexual offender of the duty to register with authorities in another jurisdiction within three business days of:

(i) Commencement of residence, change of residence, termination of residence or failure to maintain a residence, thus making the sexual offender a transient.

(ii) Commencement of employment, a change in location or entity in which the sexual offender is employed or termination of employment.

(iii) Commencement of enrollment as a student, a change in enrollment as a student or termination of enrollment as a student.

42 Pa.C.S.A. § 9799.23(a).

The SORNA Colloquy, which Callen read and signed, states the following:

1. Do you understand that, as a result of your plea today, you will be required to register with the Pennsylvania State Police as a "sexual offender"? [Answered "Yes"]

2. Do you understand that, as a result of your plea today, you will be required to register your name, all current or intended residence[(s)], all information concerning current or intended employment and all information concerning current or intended enrollment as a student with the Pennsylvania State Police as a "sexual offender"? [Answered "Yes"]

3. Do you understand the charges to which you are pleading guilty/[nolo contendere] require you to register as a "sexual offender" for a period of: [Life, as a Tier III registrant?]

[Answered "Yes"]

Do you understand that the period of registration is determined by the applicable statute? Do you understand that the period of registration is NOT a term of any plea agreement entered into with the Commonwealth?

[Answered "Yes"]

[4.] Do you understand that you must register your address with the Pennsylvania State Police immediately upon release from incarceration, upon your parole from any institution to which you have been sentenced, or upon the start of a sentence of intermediate punishment or probation? [Answered "Yes"]

[5.] Do you understand that if you are sentenced to a period of probation and/or intermediate punishment as a result of your plea today you must immediately register in person with the Pennsylvania State Police? [Answered "Yes"]

[6.] Do you understand that you must notify the Pennsylvania State Police, within 48 hours, of any change in the following:

a. Any change in residence, or establishment of an additional residence(s);

b. Any change of employment, employment location, or termination of employment;

c. Any change of institution or location at which you are enrolled as a student or termination of enrollment;

d. Becoming enrolled in school or employment if you have yet to provide this information to the Pennsylvania State Police?

[Answered "Yes"]

[7.] Do you understand that moving to a residence outside the Commonwealth of Pennsylvania in no way negates any of the

requirements to which you are subject under SORNA and, in fact, that you will be required to report your arrival to the authorities in the new state to which you relocate? [Answered "Yes"]

[8.] Do you understand that you have the right to be sentenced within 90 days? [Answered "Yes"]

* * *

[14.] Have you answered all the above questions with the assistance of your attorney, and of your own free will? [Answered "Yes"]

See SORNA Colloquy, 6/3/19, at 1-3 (unnumbered) (emphasis added; emphasis omitted). Callen signed and dated the bottom of the third page. Id. at 3 (unnumbered). Additionally, the trial court accepted his completed SORNA Colloquy and signed and dated the bottom of the third page. Id.; see also N.T. (Guilty Plea/Sentencing Hearing), 6/3/19, at 16.

In considering the totality of the circumstances, the court's determination that Callen's guilty plea was voluntary, intelligent and knowing, is amply supported in the record, and we discern no abuse of discretion in this regard. See Broaden, supra; see also Kpou, supra. Accordingly, we cannot grant him relief on this claim.

Next, Callen contends that his Written Guilty Plea Colloquy was defective because it provided erroneous legal advice. Brief for Appellant at 33. In support of this contention, Callen asserts that his Written Guilty Plea Colloquy improperly stated that Callen could raise an ineffective assistance of counsel claim on direct appeal. Id. at 34. Callen acknowledges that ineffective assistance of counsel claims can be brought on direct appeal in some cases,

but claims the Written Guilty Plea Colloquy he signed did not inform him of those exceptions verbatim. Id. at 35. Callen claims that the insufficient SORNA Colloquy, coupled with the defective Written Guilty Plea Colloquy he signed, made his guilty plea unintelligent and unknowing and, thus, amounted to manifest injustice. Id. at 36.

It is a general rule that defendants should defer ineffective assistance of counsel claims until collateral review. See Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). However, ineffective assistance of counsel claims may be reviewed on direct appeal if (1) the ineffective assistance of counsel claim is apparent from the record and meritorious to the extent that immediate consideration best serves the interested of justice; or (2) there is good cause shown, and the defendant waives his right to file a future Post Conviction Relief Act petition.[8] See Commonwealth v. Holmes, 79 A.3d 562, 563-64 (Pa. 2013).

The Written Guilty Plea Colloquy, which Callen read and signed, included the following relevant portions:

> 30. By pleading guilty, you give up certain rights of appeal; in a jury trial or a non-jury trial, you would have the right to appeal any errors that might arise in your case to the appellate courts. However, when you plead guilty, you limit the grounds for those appeals to four specific reasons:
>
> * * *

---

[8] 42 Pa.C.S.A. §§ 9541-9546.

4. Challenge the competence or effectiveness of the attorney who represents you.

All other grounds for appeal are given up. Do you fully understand this? [Answered "Yes"]

31. In order to raise a claim on direct appeal that your attorney was ineffective or incompetent, it is necessary for you to first raise that claim in a post[-]sentence motion, filed within ten (10) days of your sentencing. Otherwise, you cannot challenge the competence of your attorney until the post[-]conviction stage. Do you fully understand this? [Answered "Yes"]

\* \* \*

36. In order to appeal your conviction that results from your plea of guilty, you must file in writing your motion seeking to withdraw your plea, either prior to sentencing or within ten (10) days after sentencing and state one or more of the four (4) grounds listed below as the basis for a motion seeking to withdraw your plea:

\* \* \*

(d) That your attorney was ineffective and incompetent.

If you do not file this motion within the proscribed time limits, you will have given up this right. Do you fully understand this? [Answered "Yes"]

Written Guilty Plea Colloquy, 6/3/19, at 5-7.

Here, paragraph 30 of the Written Guilty Plea Colloquy merely lists ineffective assistance of counsel as a possible ground for appeal and, thus, is an accurate statement of law. See Written Guilty Plea Colloquy, 6/3/19, at 5; see also Holmes, supra. Further, the Written Guilty Plea Colloquy informed Callen of the general procedures for those claims, including how to proceed with an ineffective assistance of counsel claim on direct appeal. See Written Guilty Plea Colloquy, 6/3/19, at 5-7. The Written Guilty Plea Colloquy

further states that any ineffective assistance of counsel claim not brought on direct appeal must wait until the post-conviction stage. Id. at 6. Because the Written Guilty Plea Colloquy accurately explained the current state of Pennsylvania law, Callen's claim of an unintelligent and unknowing guilty plea is without merit. See Fluharty, supra. Accordingly, the trial court did not abuse its discretion in denying Callen's Motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2020