J-A24012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
           v.                      :
                                  :
                                  :
KADEEM EATON                  :
                                  :
           Appellant           :    No. 72 EDA 2021

Appeal from the Judgment of Sentence Entered March 5, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002640-2017

BEFORE: LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED DECEMBER 21, 2021**

Kadeem Eaton appeals *nunc pro tunc* from the judgment of sentence,

entered in the Court of Common Pleas of Delaware County, following his guilty

plea to robbery.[1,2] Additionally, Eaton's counsel, Scott D. Galloway, Esquire,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] Eaton's notice of appeal indicates that he is appealing the trial court's November 20, 2020 order reinstating his direct appeal rights *nunc pro tunc*. **See** Notice of Appeal, 12/18/20, at 1. On January 29, 2021, this Court issued a Rule to Show Cause as to why Eaton's appeal should not be quashed as Eaton was not an aggrieved party in that order. Eaton filed a response, in which he indicated that he did not intend to appeal from the November 20, 2020 order, but rather from the March 5, 2019, judgment of sentence. **See** Response, 2/8/21, at 1. Eaton concedes that he attached the November 20, 2020 order as an exhibit to his notice of appeal, but contends that he is nevertheless aggrieved from the March 5, 2019, judgment of sentence. **Id.**
*(Footnote Continued Next Page)*

has filed an application to withdraw as counsel, and an accompanying **Anders**[3]

brief. Upon review, we grant Attorney Galloway's application to withdraw and

affirm Eaton's judgment of sentence.

The trial court summarized the factual history as follows:

[On April 6, 2017, Eaton] entered the Family Dollar [in] Delaware County, [] pointed a gun at [an] employee[,] Toneneillia Decoteau, and demanded she open the safe. When [] Decoteau advised [Eaton] she did not know the code and could not open the safe, [Eaton] jumped over the counter and dumped the cash drawer ([containing] $201.00) into a bag strapped over his shoulder, and stole 6 cartons of Newport cigarettes and 28 packs of Newport cigarettes (valued over $705.00). [Eaton], driving a dark blue Nissan Maxima . . ., exited the parking lot at the same time police were arriving[.] [Eaton] immediately turned off the headlights and drove over a curb and sped down Yarnall Street. At the intersection of 7th Street and Yarnall Street[,] [Eaton]'s vehicle struck a parked vehicle, at which time he placed the car in reverse and fled at a high rate of speed through at least two red traffic signals [before] eventually crashing into a building at 1027 West 7th Street[,] causing the airbags to deploy. Ignoring the commands of the police, [Eaton] exited the vehicle and began to run from the scene. After a short chase, police apprehended [Eaton], who was arrested and transported to Chester Police headquarters. At the scene, investigators found "a brown Sig Sauer MPX .177 Caliber Airsoft Rifle[,]" a black bag containing Newport [c]igarettes, and a cash register till containing US currency.

_____

Because "failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal," Pa.R.A.P. 902, we decline to quash Eaton's appeal. We have amended the caption to reflect the order which Eaton seeks to have this Court review, his March 5, 2019, judgment of sentence.

[3] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Trial Court Opinion, 4/20/21, at 1-2 (citations omitted).

Eaton was subsequently charged with, *inter alia*, robbery. On March 5, 2019, Eaton entered into a negotiated guilty plea in which he agreed to plead guilty to robbery and a sentence of five to fifteen years in prison. In exchange, the Commonwealth agreed to withdraw the remaining charges. On the same day, the trial court sentenced Eaton in accordance with the negotiated guilty plea to an aggregate term of five to fifteen years in prison.

On March 13, 2019, Eaton filed a motion to withdraw his guilty plea, claiming that he was innocent and did not enter into the plea agreement knowingly, voluntarily, or intelligently. The trial court denied Eaton's motion, and on June 4, 2019, Eaton filed a *pro se* notice of appeal which this Court quashed as untimely filed. **See** Order, 2/18/20, at 1.

On March 4, 2020, Eaton filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA).[4] The PCRA court appointed Attorney Galloway as Eaton's counsel. Attorney Galloway filed an amended petition, which requested that Eaton's direct appeal rights be reinstated *nunc pro tunc*, because Eaton's prior counsel had failed to file a direct appeal upon Eaton's request. On November 20, 2020, the PCRA court granted Eaton's PCRA petition, and reinstated his direct appeal rights *nunc pro tunc*.

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

Subsequently, Eaton filed a *nunc pro tunc* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Galloway subsequently filed with this Court an application to withdraw as counsel and a brief pursuant to *Anders*. Eaton did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Eaton's issue on appeal, we must determine whether Attorney Galloway has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation. *See Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Galloway has substantially complied with each of the technical requirements of *Anders*/*Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). Attorney Galloway indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that counsel has furnished a copy of the *Anders* brief to Eaton, advised Eaton of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, the *Anders* brief

substantially complies with the requirements of **Santiago**.[5]  As Attorney

Galloway has complied with all of the requirements for withdrawing from

representation, we will examine the record and make an independent

determination of whether Eaton's appeal is, in fact, wholly frivolous.

In the **Anders** brief, Attorney Galloway presents the following issue for

our review:  "Was the guilty plea entered by [Eaton] in this matter knowingly,

voluntarily, and intelligently made?"  **Anders** Brief at 4.

The decision of whether to permit a defendant to withdraw a guilty plea

is within the sound discretion of the trial court.  **Commonwealth v. Unangst**,

71 A.3d 1017, 1019 (Pa. Super. 2013) (citations and quotations omitted); **see

also Commonwealth v. Broaden**, 980 A.2d 124, 128 (Pa. Super. 2009)

(appellate courts review trial court's order denying a motion to withdraw guilty

plea for abuse of discretion).

There is no absolute right to withdraw a guilty plea.  **Commonwealth

v. Forbes**, 299 A.2d 268, 271 (Pa. 1973).  When a defendant seeks to

_____

[5] We observe that Attorney Galloway has not attached a copy of the Rule 1925(b) concise statement to his **Anders** Brief.  **See** Pa.R.A.P. 2119(d) (stating appellant shall attach copy of Rule 1925(b) concise statement to the appellant brief).  However, Attorney Galloway filed the Rule 1925(b) concise statement in accordance with the trial court's order.  Attorney Galloway's omission is not a jurisdictional defect, and the Commonwealth has not objected to this defect; thus, we decline to dismiss Eaton's appeal on this basis.  **See** Pa.R.A.P. 2101 (stating that "if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter **may** be quashed or dismissed.") (emphasis added).  Moreover, Attorney Galloway has filed an **Anders** brief and, as such, this Court has an independent obligation to review the entire record to ascertain whether any non-frivolous issues are present.

withdraw a guilty plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011); **see also Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017) (explaining that "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices[]") (citations and quotation marks omitted).

> To ensure that a plea is voluntary, knowing, and intelligent,
>
> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. . . . As the Comment to Rule 590 provides[,] at a minimum, the trial court should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has a right to a trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

**Hart**, 174 A.3d at 667-68 (citations omitted). "Inquiry into the above six areas is mandatory." **Commonwealth v. Ingold**, 823 A.2d 917, 921 (Pa.

Super. 2003). "The purpose of [Rule 590] is to ensure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea." ***Commonwealth v. Carter***, 656 A.2d 463, 465 (Pa. 1995).

In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016). "A guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea[,] and that he knowingly and voluntarily decided to enter the plea." ***Commonwealth v. Fluharty***, 632 A.2d 312, 315 (Pa. Super. 1993). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Id.*** Moreover, "[a] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." ***Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.).

In its opinion, the trial court addressed Eaton's claim as follows:

The record of the March 5, 2019[, guilty plea and sentencing hearing] reveals the Commonwealth and [Eaton] entered into and presented to the court a clear, succinct, and concise agreement.

\* \* \*

- 8 -

[Eaton] swore to tell the truth during the proceeding. [Eaton] was colloquied by plea counsel and the court concerning the terms of the guilty plea. During the colloquy, [Eaton] testified he understood the terms of the negotiated guilty plea. [Eaton] testified he had the opportunity to discuss[,] at length[,] the guilty plea and have all of his questions answered by counsel.

Of paramount importance to the issue in this case, [Eaton] was extensively colloquied concerning the knowing, voluntary, and intelligent nature of his plea. [Eaton] testified he was not under the influence of narcotics, drugs, alcohol, or any other substance, and not suffering any physical, emotional, or mental problems [that] could affect his ability to understand and prevent him from knowing what he was doing in court and entering the guilty plea, and no one coerced or forced [Eaton] to enter the plea, nor made promises inducing [Eaton] to enter the plea. [Eaton] testified he understood the trial rights he waived by entering the guilty plea, including the right to pursue pretrial motions and specifically outstanding motions. [Eaton] testified he understood the elements of the charges against him and the maximum possible penalties that could be assessed against him if he were convicted following trial. [Eaton] testified he understood the plea might affect his parole status and what the effect could be, and [Eaton] testified he had no questions concerning this matter. [Eaton] testified to having initialed and signed the Guilty Plea Statement.

[Eaton] responded in a manner to all questions from the court and plea counsel during the colloquy demonstrating his understanding of his decision to enter the negotiated guilty plea and the potential consequences of the plea. The Affidavit of Probable Cause served as the factual basis for the plea.

Based upon the colloquies and [Eaton]'s testimony, th[e] court found [Eaton]'s plea to be knowing, voluntary, and intelligent, and accepted [Eaton's] plea. Th[e] court imposed judgment of sentence upon [Eaton] in accordance with the terms of the negotiated guilty plea and as set forth by the . . . Commonwealth and accepted by [Eaton].

\*　　\*　　\*

[Eaton] testified he understood the requirements for filing a post sentence motion and appeal. [Eaton] testified he read, understood, and agreed with the information contained in the

> Statement of Post Sentence Rights. [Eaton] also testified he had no questions of the court or his [plea counsel] concerning post-sentence rights as contained in the documents. In addition, plea counsel reiterated [Eaton]'s post sentence and appeal rights, and [Eaton] affirmed under oath that he understood those rights. Finally, [Eaton] testified to having initialed and signed the Statement of Post Sentence Rights. [Eaton] testified his initials and signatures on the Guilty Plea Statement and the Statement of Post Sentence Rights indicate he read, understood, and agreed with everything contained in the documents.

Trial Court Opinion, 4/20/21, at 7-10 (citations omitted).

Our review of the record confirms the trial court's reasoning and determinations. Indeed, with regards to Eaton's written guilty plea statement and statement of post-sentence rights, we observe that Eaton's initials appear handwritten next to each line, as well as at the bottom of each page. **See** Guilty Plea Statement, 3/5/19, at 1-4; Statement of Post-Sentence Rights, 3/5/19, at 1-2; **see also** N.T. Guilty Plea and Sentencing Hearing, 3/5/19, at 10, 12 (wherein Eaton testified his initials appear next to each line and at bottom of each page). Additionally, at the guilty plea and sentencing hearing, Eaton testified that he had reviewed the entire written guilty plea statement with his trial counsel, and understood each line. **See** N.T. Guilty Plea and Sentencing Hearing, 3/5/19, at 9-12. Eaton's trial counsel, likewise, stated that he had reviewed the entire form with Eaton and that Eaton had no questions. **Id.** at 11-12. Moreover, the trial court conducted a lengthy on-the-record colloquy in which Eaton fully participated. **Id.** at 5-14. During the on-the-record colloquy, the trial court referenced Eaton's written guilty plea colloquy and asked several times if Eaton signed and understood the colloquy.

*Id.* at 11-12. Eaton then stipulated to the factual summary provided in the affidavit of probable cause. *Id.* at 12. Thus, the trial court accepted Eaton's plea as knowing, intelligent, and voluntary. *Id.* at 12-13. Thereafter, Eaton waived a pre-sentence investigation report and immediately proceeded to sentencing. *Id.* at 13. Furthermore, the Commonwealth fully complied with the terms of the plea agreement, and the trial court sentenced Eaton in accordance with the agreement. *Id.* at 12-14.

Thus, we are satisfied that the totality of the circumstances reflects that Eaton understood the nature of the charges brought against him, the maximum possible sentence, that he is presumed innocent until found guilty of the offenses, and that the trial court was not bound by the terms of the plea agreement unless the trial court accepted his plea agreement. Because the record establishes that Eaton entered into the guilty plea knowingly, intelligently, and voluntarily, Eaton's challenge to the validity of his negotiated guilty plea is wholly frivolous. ***See Fluharty***, ***supra***; ***see also Kpou***, ***supra***.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Dempster***, 187 A.3d at 272. As such, we grant Attorney Galloway's application to withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021