J-S36010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIA JEAN SPINELLI | : | |
| | : | |
| Appellant | : | No. 486 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 20, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000062-2024

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: OCTOBER 30, 2024**

Maria Jean Spinelli appeals from the judgment of sentence, entered in the Court of Common Pleas of Schuylkill County, following her conviction of one count of retail theft.[1]  Spinelli's counsel, Ashley M. Sabol, Esquire, has filed an application to withdraw as counsel, and an accompanying **Anders**[2] brief.  Upon review, we affirm Spinelli's judgment of sentence and grant Attorney Sabol's application to withdraw.

On October 12, 2023, Spinelli stole merchandise valued at $50.94 from a Walmart in Saint Clair.  Subsequently, Spinelli was arrested and charged with retail theft.  On March 20, 2024, Spinelli entered into a negotiated plea

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

agreement wherein she pled guilty to retail theft and agreed to a sentence of 6 to 23 months' incarceration and four years of concurrent probation. The trial court accepted Spinelli's plea and, on the same day, sentenced her in accordance with the agreement. Spinelli did not file a post-sentence motion.

Spinelli filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Sabol subsequently filed with this Court an application to withdraw as counsel and a brief pursuant to **Anders**. Spinelli did not file a *pro se* brief, nor did she retain alternate counsel for this appeal.

Before addressing Spinelli's issue on appeal, we must determine whether Attorney Sabol has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise [her] of h[er] right to retain new counsel or to raise any additional points that [s]he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

- 2 -

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that counsel has substantially complied with the technical requirements of *Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (counsel must substantially comply with requirements of *Anders*). Counsel indicates that she has made a conscientious review of the record. Additionally, the record reveals that counsel has furnished a copy of the *Anders* brief to Spinelli, advised Spinelli or her right to retain new

counsel or proceed *pro se*, or raise any additional points that she deems worthy of this Court's attention. Consequently, we conclude that counsel's brief is substantially compliant with **Anders** and we will examine the record and make an independent determination of whether Spinelli's appeal is, in fact, wholly frivolous.[3]

In the **Anders** brief, counsel challenges Spinelli's guilty plea as unknowing, involuntary, and unintelligent. **See Anders** Brief, at 9-13. The decision of whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. **Commonwealth v. Unangst**, 71 A.3d 1017, 1019 (Pa. Super. 2013) (citations and quotations omitted); **see also Commonwealth v. Broaden**, 980 A.2d 124, 128 (Pa. Super. 2009)

---

[3] We note that counsel has not attached a copy of Spinelli's Pa.R.A.P. 1925(b) concise statement to the **Anders** brief. **See** Pa.R.A.P. 2111(d) (copy of concise statement shall be appended to Appellant's brief; if trial court has not entered order directing filing of such statement, brief shall contain averment that no order to file a concise statement was entered). Nevertheless, Attorney Sabol did attach a copy of the sentencing order and the Rule 1925(a) trial court opinion. Further, Attorney Sabol did file a compliant Rule 1925(b) concise statement in the trial court. In light of the fact that Spinelli appeals from a guilty plea, which inherently limits the possible issues Spinelli can raise, we conclude that Attorney Sabol's **Anders** brief is substantially compliant despite its Rule 2111(d) violation. **See Wrecks**, **supra**.

Moreover, we observe that Attorney Sabol's omission is not a jurisdictional defect, but a procedural one, and the Commonwealth has not objected to this omission; thus, we decline to dismiss Spinelli's appeal on this basis. **See** Pa.R.A.P. 2101 ("if the defects are in the brief . . . of the appellant and are substantial, the appeal . . . may be quashed or dismissed").

(appellate courts review trial court's order denying a motion to withdraw guilty plea for abuse of discretion).

There is no absolute right to withdraw a guilty plea. ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973). When a defendant seeks to withdraw a guilty plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011); ***see also Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (explaining "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices[]") (citations and quotation marks omitted).

> To ensure that a plea is voluntary, knowing, and intelligent,
>
> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. . . . As the Comment to Rule 590 provides[,] at a minimum, the trial court should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has a right to a trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Hart*, 174 A.3d at 667-68 (citations omitted). "Inquiry into the above six areas is mandatory." *Commonwealth v. Ingold*, 823 A.2d 917, 921 (Pa. Super. 2003). "The purpose of [Rule 590] is to ensure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea." *Commonwealth v. Carter*, 656 A.2d 463, 465 (Pa. 1995).

In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016). "A guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea[,] and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Id.* Moreover, "[a] written plea colloquy that is read, completed[,] and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.).

Instantly, Spinelli's written guilty plea statement contains her handwritten initials next to each line, as well as at the bottom of each page. *See* Guilty Plea Statement, 3/20/24, at 1-6; *see also* N.T. Guilty Plea and Sentencing Hearing, 3/20/24, at 3 (wherein Spinelli testified she initialed and signed written guilty plea colloquy). Further, Spinelli testified at the guilty plea and sentencing hearing that she had reviewed the entire written guilty plea statement with Attorney Sabol and understood each line. *See* Guilty Plea and Sentencing Hearing, 3/20/24, at 3-4. Spinelli stipulated to the factual summary provided in the criminal complaint. *See id.* at 5-6. During the trial court's oral colloquy, the judge advised Spinelli of her right to proceed to trial and the presumption of innocence, which Spinelli testified that she understood. *See id.* at 3-4. Additionally, during the trial court's oral colloquy, Spinelli acknowledged that she was not under the influence of any drugs, alcohol, or medication which would affect her ability to understand the proceeding. *See id.* at 2-3. Thus, the trial court accepted Spinelli's plea as knowing, intelligent, and voluntary, and sentenced Spinelli in accordance with the agreement.

We are satisfied that the totality of the circumstances reflects that Spinelli understood the nature of the charges brought against her, the maximum possible sentence, that she is presumed innocent until found guilty of the offenses, and that the trial court was not bound by the terms of the plea agreement unless the trial court accepted her plea agreement. Because

the record establishes that Spinelli entered into the guilty plea knowingly, intelligently, and voluntarily, Spinelli's challenge to the validity of the negotiated guilty plea is wholly frivolous. **See Fluharty**, **supra**.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272. As such, we grant Attorney Sabol's application to withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2024